43 271
e76 299

## WHITMORE v. THE STATE.

1. CRIMINAL LAW : *In jeopardy* : *Discharge of juror.*
   A prisoner is in jeopardy from the time that the jury is impaneled and sworn in a court of competent jurisdiction upon an indictment sufficient in form and substance to sustain a conviction ; and the entry of a *nolle prosequi*, or discharge of a juror, after that, without his consent, operates as an acquittal, except in cases of overruling necessity, as the death or illness of the judge or a juror, or inability of the jury to agree on a verdict.

2. SAME : *Grand juror not incompetent for petit juror.*
   A grand juror who assisted in finding an indictment is not thereby disqualified as a petit juror to try the case. It is only cause of challenge for implied bias.

APPEAL from *Madison* Circuit Court.

Hon. J. M. PITTMAN Circuit Judge.

*W. F. Pace* for appellant.

1. Serving on the grand jury that found the indictment is no disqualification from serving on the petit jury, it is only grounds for challenge. *Gantt's Digest, Sec.* 1911.

2. When the jury was sworn the jeopardy commenced, and when it was discharged or a juryman withdrawn it operated as an acquittal. *Const., Art.* 2, *Sec.* 8; *Bishop Cr. Law,* 856–8; 26 *Ark.,* 260.

3. Defendant being charged with a felony, waived none of his legal rights by failing to move the court to discharge him when the juror was withdrawn. 19 *Ark.,* 205.

*C. B. Moore,* Attorney General, for the State.

Defendant waived the jeopardy by not objecting to the discharge of the juror. 15 *Ohio St.* 155; 16 *Ark.,* 568.

SMITH, J. Whitmore was indicted for a penitentiary offence. The indictment was not so defective that no valid judgment could be rendered upon it. The cause coming on for trial upon the plea of " not guilty," a jury was impaneled and sworn and the prosecuting attorney proceeded to open the case. At this point Daniel Blevins, one of the jury that had been so selected and sworn, interposed and stated that he had been a member of the Grand Jury which returned the indictment. Thereupon, to use the language of the bill of exceptions, " the court upon its own motion and without the consent of the defendant, discharged said Daniel Blevins juror as aforesaid and called in his stead one James Frisby." The jury was then sworn again and the trial proceeded, resulting in the conviction of the prisoner, who moved in arrest of judgment and for a new trial because the first jury that had been sworn was discharged without his consent.

" A prisoner is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon an indictment which is sufficient in form and substance to sustain a con-

viction, and a jury is charged with his deliverance. And a jury is thus charged when they have been impaneled and sworn. The defendant then becomes entitled to a verdict which shall constitute a bar to a new prosecution ; and he cannot be deprived of this bar by a *nolle prosequi* entered by the prosecuting officer against his will or by a discharge of the jury." *Cooley's Const. Lim.* [*327] ; 1 *Bishop Crim. Law 6th Ed. Sec.* 1013 *et seq.*; 1 *Bishop Cr. Pro. 3d Ed. Sec.* 960–1 ; *Lee v. State,* 26 *Ark.,* 260 ; *McKenzie v. State Ib.,* 334 ; *Williams v. State* 42 *Id.,* 35.

Sec. 8, in the Declaration of Rights, Constitution of 1874, authorizes the court in its discretion, to discharge a jury, in case of their inability to agree upon a verdict after a reasonable time for deliberation. And cases of overruling necessity for their discharge without verdict may sometimes arise, such as the illness or death of the presiding judge or of a juror. *Atkins v. State,* 16 *Ark.,* 568. But the general rule is, that the discharge of a jury, after the machinery of the court is fully organized for trial and judgment, without the consent of the defendant expressed or implied, operates as an acquittal.

The service of Blevins on the Grand Jury which preferred the bill did not render him incompetent to sit on the petit jury which tried the case. It was only cause of challenge for implied bias. *Gantt's Dig., Sec.* 1911. The trial, then, might well have gone forward with the jury as originally constituted. And since it does not appear that any objection was taken by the defendant on account of the fact disclosed by Blevins, it must be presumed that he was insisting on his Constitutional right to a trial before that jury, of which Blevins was a member.

*O'Brian v. Commonwealth,* 9 *Bush,* 333 ; *S. C.* 15 *Amer. Rep.,* 715, was a prosecution for murder. On the trial,

after the jury had been sworn and while the evidence was being heard, a juror announced that he was one of the Grand Jury that found the indictment. Thereupon, the court of its own motion and against the objection of the defendant, discharged the juror and had another summoned in his stead. And it was held that the discharge of the juror without sufficient cause amounted to an acquittal.

But while there is no right of challenge for cause after the jury is sworn, the court might, upon the demand of the prisoner, have stopped the trial and called another jury, without its having the legal effect of an acquittal. Thus in *Stewart v. State,* 15 *Ohio State,* 155, after a jury had been impaneled and sworn, a juror arose in open court and stated that he had been one of the Grand Jurors by whom the indictment was found. The defendant's counsel, in answer to an inquiry by the court, objected to proceeding in the trial with the jury then impaneled, at the same time declining to waive any of the defendant's rights. The jury was then discharged and another jury impaneled, and the trial proceeded, the defendant objecting thereto. It was held that the discharge of the jury first impaneled was the necessary result of sustaining the objection interposed by defendant himself, and so did not take place without his consent, nor bar a further prosecution.

The action of the court below was dictated by an anxious desire to give the accused a fair and impartial trial. Still it is necessary to protect parties charged with crime in their Constitutional rights. This court has, heretofore, drawn the line where jeopardy begins at the swearing in of the jury to try the issue. And this is in accordance with the overwhelming weight of authority and with the best considered cases. If, after that, the jury is discharged

without an obvious necessity and without the defendant's consent, express or implied, he cannot be again placed upon trial for the same offense, where life or liberty is involved.

The judgment is reversed and the court below is directed to discharge Whitmore from custody.