BURNETT *v.* STATE.

Opinion delivered July 8, 1905.

1. CONSTITUTITIONAL LAW—SUSPENSION OF SEDUCTION PROSECUTION—RIGHT TO SPEEDY TRIAL.—Where one who was being prosecuted for seduction married the female alleged to have been seduced before the prosecution was terminated, and thereby caused it to be suspended, under Kirby's Digest, §2044, and subsequently deserted her without cause, whereupon the prosecution was reinstated, he is in no attitude to complain that the suspension of the prosecution by his marriage was a deprivation of his constitutional right to a speedy trial when he at no time demanded a speedier conclusion of the trial. (Page 297.)

2. SAME—FORMER JEOPARDY.—Where a prosecution for seduction was suspended on account of the marriage of the accused and the prosecutrix after the jury had been sworn and the testimony introduced, and was subsequently reinstated upon his desertion of her, no jeopardy attached by the former trial, unless the suspension was ordered without the consent of the accused, either express or implied. (Page 298.)

3. SEDUCTION—PRESUMPTION OF CONSENT TO SUSPENSION OF PROSECUTION.—Where the record of the former trial for seduction, which was suspended by marriage of the accused and the prosecutrix, shows that the marriage took place in open court, and that the cause was thereupon continued, it will be presumed that the accused consented to the suspension of the trial, and it will be unnecessary for the State to prove an express consent. (Page 299.)

4. SAME—CORROBORATION OF PROSECUTRIX.—It was not error in a seduction case to instruct the jury to the effect that there must be corrobora-

tion of the prosecutrix as to the promise of marriage, as to its falsity, and as to the fact that the defendant obtained carnal intercourse with her by virtue of such false promise. (Page 300.)

Appeal from Pope Circuit Court.

DANIEL B. GRANGER, Special Judge.

Affirmed.

### STATEMENT BY THE COURT.

Appellant was indicted, tried and convicted of the crime of seduction, alleged to have been committed by obtaining carnal knowledge of Fannie Bruton, an unmarried woman, by virtue of a false promise of marriage.

The case was here on a former appeal (72 Ark. 398), and after it was reversed and remanded he was again tried and convicted, and again appeals to this court.

*C. C. Reid* and *Sellers & Sellers,* for appellant.

Section 2044 of Kirby's Digest is unconstitutional. 24 Ark. 91; 46 Ark. 110; 76 Ala. 482; 4 Am. & Enc. Pl. & Pr. 825; Cooley, Const. Lim. 95; 5 Pick. 70; 16 Mass. 326; 7 Mass. 389; 1 Ark. 121; 2 Vt. 175; 3 Vt. 361; 5 Scam. 465; 3 Scam. 465; 10 Yerger, 59; 13 Ark. 729; 26 Am. St. 470. The section is also unconstitutional, because its effect is to put one in jeopardy twice for the same offense. Const. Ark. art. 11, § 8; 54 Am. Rep. 511; 56 Am. Rep. 235; 26 Ark. 269; 42 Ark. 38; 48 Ark. 36; 35 L. R. A. 238; 83 S. W. 929. A continuance should have been granted on account of absent witnesses. Const. Ark. art. 11, § 10; 50 Ark. 161. Testimony as to defendant's consent to the suspension of the first trial should not have been admitted. 32 Ark. 117; 60 Ark. 141; 1 Green. Ev. § 563*b.* Instruction No. 1 was unintelligible, and did not state the law. 40 Ark. 485; 83 S. W. 911. It was error to refuse instruction No. 5, requested by the defendant, as to the testimony of an accomplice. Kirby's Dig. § 2384. It was error to refuse instruction No. 8, requested by appellant on the ground of abandonment. 81 S. W. 382. The closing remarks of the prosecuting attorney were improper. 70 Ark. 305.

*Robert L. Rogers, Attorney General,* for appellee.

There can be no jeopardy in a bad indictment. 33 Ark. 129; 42 Ark. 35; 48 Ark. 36; 59 Ark. 113. Nor when the defendant

consents to a suspension of the proceedings.   11 Am. & Eng. Enc. Law, 950-952.   The instruction upon the testimony of an accomplice was correct.   1 Whar. Cr. Law, § 593.

McCULLOCH, J., (after stating the facts.)   1.   During a former trial of appellant for the offense, and after the jury had been impaneled and sworn and the testimony introduced, appellant and the prosecuting witness, Fannie Bruton, procured a license, and were duly married in open court, and the court thereupon suspended the trial, discharged the jury, and continued the case. In the last trial, in which the judgment of conviction was rendered from which he now appeals, he interposed a plea of former acquittal, and introduced in support of the plea the record of the former suspended trial.

Section 2044, Kirby's Digest, is as follows:   "If any man against whom a prosecution has begun, either before a justice of the peace or by indictment by a grand jury, for the crime of seduction, shall marry the female alleged to have been seduced, such prosecution shall not then be terminated, but shall be suspended; provided, that if at any time thereafter the accused shall willfully, and without such cause as now constitutes a legal cause for divorce, desert and abandon such female, then at such time such prosecution shall be continued and proceed as though no marriage had taken place between such female and the accused."

Learned counsel for appellant contend that the above-quoted statute is unconstitutional, in that the suspension provided for serves to deprive the defendant under indictment of a speedy trial; and that, even if the statute is held to be valid, so as to suspend a prosecution at all, it does not apply after jeopardy has attached. They say that to apply it after jeopardy has attached would be to put the defendant in jeopardy twice for the same offense, which is forbidden by the Constitution.   It is argued that if the statute is valid, the marriage of the defendant and the female alleged to have been seduced would *ipso facto* deprive the court of jurisdiction to proceed .further, even though the marriage was without reference to the prosecution, and the defendant was demanding a speedy trial, notwithstanding the marriage.   We are not confronted with such a state of facts here.   The statute can be held to be void in so far as it

denies an accused person a speedy trial where he demands it, notwithstanding the marriage, and yet be held valid and enforcible in a case where no demand for trial is made.

In *Stewart* v. *State,* 13 Ark. 720, this court quoted, with approval, the following language of the Supreme Court of Mississippi in the case of *Nixon* v. *State,* 2 S. & M. 507: "By a speedy trial is there intended a trial conducted according to fixed rules, regulations and proceedings of law, free from vexatious, capricious and oppressive delays manufactured by the ministers of justice." And this court in the same case said: "We think the spirit of the law is that, for a prisoner to be entitled to his discharge for want of prosecution, he must have placed himself on record in the attitude of demanding a trial, or at least of resisting postponements." The statute in question, providing for a suspension of the prosecution upon the intermarriage of the parties, was designed for the benefit alike of the person accused of the offense and of society; and, as a protection to society against an insincere show of repentance on the part of the accused, it further provides that if he shall thereafter willfully desert the female whom he has, by the marriage, rescued from the disgrace brought upon her by his criminal act, the prosecution may be renewed. He is not bound to marry the female, nor to invoke the benefit of the statute, if he does so before the termination of the prosecution; but if he does so, he cannot thereafter complain because of a suspension of the prosecution on that account when he has never demanded a speedier conclusion of it.

Nor can it be said that the suspension of the trial before verdict on account of the marriage and subsequent trial anew after the desertion is putting the accused twice in jeopardy of his liberty. If the trial be suspended by the act of the accused himself, or for his benefit, or at his own request, no jeopardy has attached by reason of that trial. Mr. Bishop, in speaking of this constitutional guaranty, says: "This guaranty of immunity from a second prosecution is, in its nature, a restraint on the courts, not on the party. It would be absurd to promise a man protection from his own act, but reasonable to make the like promise as to the act of another." 1 Bishop, Crim. Law. § 1043.

In *Atkins* v. *State,* 16 Ark. 568, Chief Justice English, speaking for the court, said: "Lord Coke seems to have been of the

opinion that a jury charged in a capital case could not be discharged without giving a verdict, even though with the consent of the prisoner and Attorney General.  1 Inst. 227*b*; 3 Inst. 110. But the doctrine was fully discussed in the case of the *Kinlochs,* Foster, 16, and the law settled to be that where the jury is discharged by the consent and for the benefit of the prisoner, he cannot avail himself of such discharge as ground to be released from further prosecution."

This court held in *Whitmore* v. *State,* 43 Ark. 271, that jeopardy attached from the time that the jury was impaneled and sworn, and that the discharge of a juror without the consent of the accused, except for death or illness of a juror or other overruling necessity, operates as an acquittal; but the court said that, "while there is no right of challenge for cause after the jury is sworn, the court might, upon the demand of the prisoner, have stopped the trial and called another jury, without its having the legal effect of an acquittal." Citing *Stewart* v. *State,* 15 Ohio St. 155. And the court further said that "if the jury is discharged without an obvious necessity, and without the defendant's consent, express or implied, he cannot be again placed upon trial for the same offense." The effect of the statute is to provide grounds for suspension of the trial at any time before verdict, and there is no jeopardy unless the suspension be ordered without the consent of the accused, either express or implied. .

The special plea of former acquittal was properly overruled.

2. In the hearing of appellant's plea of former acquittal, the State was permitted, over his objection, to prove by oral testimony that he had in the former trial consented to the suspension of the trial and discharge of the jury. This is assigned as error. The record of the former trial, which was introduced by appellant in support of his plea, recites that he and the prosecuting witness procured a marriage license, and were married in open court, the presiding judge performing the marriage ceremony, and "whereupon the jury in this case was by the court discharged, and this cause continued until next term." The record does not show that appellant objected to the suspension of the trial, and, the same being for his benefit, his consent will be implied. Hence, the record, standing alone, was insufficient to sustain the appellant's plea of former jeopardy, and it was unnecessary for

the State to prove by parol an express consent. The testimony was, therefore, immaterial and not prejudicial, as it did not tend to impeach or contradict the record.

3. It is contended by counsel that the court erred in its instruction as to the necessity for corroboration of the testimony of the female seduced, and in refusing to give the instruction on that subject asked by appellant. The court instructed the jury on this point as follows: "You are instructed that you cannot convict the defendant upon the uncorroborated testimony of the prosecuting witness, and the corroboration must be upon every material fact testified to by her necessary to constitute the offense charged; and if you find that her testimony is uncorroborated upon any material fact necessary to constitute the offense, you will acquit the defendant." We find no valid objection to this instruction. It is equivalent to an instruction that there must be corroboration as to the promise of marriage, its falsity, and that the defendant obtained carnal intercourse with the female by virtue of such false promise.

Other rulings of the court are assigned as error, all of which we have considered, but are not deemed of sufficient importance to discuss in this opinion. None of them are sufficient to warrant a reversal of the case.

The instructions of the court upon the whole correctly and fully declared the law applicable to the case. The evidence was sufficient to sustain the charge made against the defendant in the indictment. It shows that he falsely promised to marry the prosecuting witness, Fannie Bruton, and by virtue of that promise seduced her. She bore a child as the result of the illicit intercourse, and afterwards, during his trial for the offense, he married her, but soon afterwards commenced a course of conduct towards her which necessarily rendered the relations between them intolerable to her, and caused her to consent to a separation.

We find no error in the proceedings, and the judgment is affirmed.

HILL, C. J., absent and not participating.