## OSBORNE v. STATE.

### Opinion delivered November 22, 1915.

1. TRIAL—CONTINUANCES—ABSENT WITNESS—DISCRETION OF COURT.— When defendant was tried one month after being indicted, it is not an improper exercise of the discretion of the trial court to refuse a continuance upon defendant's motion on the ground of the absence of certain witnesses, when no diligence was shown in attempting to secure the attendance of the witnesses, and the fact to be proved by them was one of general notoriety.

2. EVIDENCE—VENUE—IDENTIFICATION OF BLUE PRINT.—In a criminal prosecution, when the State was attempting to prove the venue, a blue print of the locality in issue is admissible, when identified by the engineer who made the original drawing from which the blue print was made, notwithstanding it was not shown to have been an exact copy of the original; the original map was not the best evidence, in the sense that it must be introduced, or its loss proved, before a copy was admissible.

3. LIQUOR—CLANDESTINE SALE OF—WHO MAY BE INDICTED.—One who owns or controls a house and lets it to another person, knowing at the time that it is to be used for the clandestine sale of liquor, is guilty under Kirby's Digest, § 5140, and so is one who sells liquor or keeps it for sale if he does so with the consent or connivance of the owner.

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver,* Judge; affirmed.

*L. C. Going,* for appellant.

1. Under the circumstances of this case, it was an abuse of discretion to overrule appellant's motion for a continuance. 60 Ark. 664. By the refusal of the court to give appellant time in which to produce the evidence set out in his motion he was denied the right to submit to the jury the question of whether or not the continued exercise of sole and exclusive jurisdiction by one State and the long acquiescence by the other in the exercise of such jurisdiction, would determine the question in favor of the State which had long exercised jurisdiction. 136 U. S. 479; Vattel on Law of Nations, Book 2, chap. 11, § 149; 148 U. S. 524; Wheaton on International Law, part 2, chap. 4, § 164; 37 U. S. 657.

2. The court erred in admitting the blue print map in evidence. Copies of maps, plats and instruments of writing are not admissible in evidence if the originals are in possession of the party and can be produced. This blue print was not sufficiently identified. The witness had never compared it with the original, and did not know who made it nor when.

3. There was no proof that the appellant was the owner, user, occupier or controller of the house described in the indictment.

*Wallace Davis,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. The motion for continuance shows that all of the witnesses named therein were residents of the State of Tennessee, and there was no showing that they could and would be produced at the trial if a continuance was granted. The motion was properly overruled. 110 Ark. 401, 409.

2. The blue print map was sufficiently identified. The witness identified it as a blue print of a map he had made, and testified that it was correct. He stated also that while the original map was probably in his possession, he did not know where it was at the time of the trial. The blue print was admissible. 79 N. W. (Minn.) 497, 499; 44 Mo. 92; 50 Ala. 91.

3.   The evidence was sufficient to sustain the verdict. 109 Ark. 130; *Id.* 138; 78 S. W. (Ark.) 324, 325.

McCulloch, C. J.   Appellant was indicted by the grand jury of Mississippi County for the clandestine sale of liquor, committed in violation of what is known as the blind tiger statute, which reads as follows:

"Any person owning or using or controlling any house or tenement of any kind who shall sell or give away, or cause or allow to be sold or given away, or keep or allow to be kept for sale or to be given away, any alcohol, ardent or vinous spirits or malt liquors, or any compound or tincture commonly called bitters or tonics, whether the same be sold or given away openly or secretly, by such device as is known as 'the blind tiger,' or by any other name or under any other device, shall be deemed guilty of a misdemeanor."   Kirby's Digest, § 5140.

He was arrested and placed in jail on July 31, 1915, and remained therein until the indictment against him was returned by the grand jury on the 16th day of August, and was tried on September 17, 1915.   The indictment charged that the offense was committed by appellant by keeping intoxicating liquors for sale by a certain device known as the blind tiger in a certain house owned, used and controlled by him, known as the Andy Crum place, situated on Island 37, in the Mississippi River, and which is in Mississippi County, Arkansas.

Appellant filed a motion for postponement of the trial to enable him to procure the attendance of certain witnesses by whom it was alleged that he could prove that the whole of said Island No. 37 is situated in the State of Tennessee, and not in the State of Arkansas.   What he alleged to be the testimony of each of the absent witnesses was set forth in the motion, and shows that the witnesses included certain officers of Tipton County, Tennessee, and certain other persons, residents of the State of Tennessee, and also two or three persons who are alleged to have been residing then on Island No. 37.   The testimony set out in the motion tends to show that the whole of Island No. 37 is within the boundaries of the State of Tennessee

and that that State has always exercised exclusive juris-
diction over said island. The motion for postponement
was overruled.

The testimony adduced by the State tended to show
that Island No. 37, or at least that portion of it on which
the house in question of Andy Crum is located, was an
island on the west or north side of the channel of the
Mississippi River when the boundary line of the State of
Arkansas was established; that the Andy Crum house
was fitted up for the clandestine sale of intoxicating liq-
uors which were kept there, and that witnesses purchased
such liquors from appellant at that place numerous times
during the months of January, February and March, in
the year 1915. The testimony further shows that the
house was owned and occupied by Andy Crum and was
known as the "Andy Crum Place," and that there was a
regular barkeeper, but that appellant stayed around the
place and occasionally sold liquors from the bar. Appel-
lant did not introduce any testimony. The court in its
instructions submitted to the jury the questions whether
or not the house was situated in Mississippi County,
Arkansas, and whether or not appellant owned, used or
controlled the house and sold intoxicating liquors by a
device known as the blind tiger.

(1) It is insisted, in the first place, that the court
erred in overruling the motion for a postponement, but
we think it is not shown that the court abused its discre-
tion. Appellant had been confined in jail more than a
month and a half when his trial occurred, which was more
than a month after the indictment against him was re-
turned. He had not made any effort to procure the at-
tendance of the witnesses or to take their depositions.
Two or three of the witnesses are alleged to have resided
on Island 37, over which the circuit court of Mississippi
County was assuming jurisdiction, yet there was no effort
to procure the attendance of those witnesses by process of
that court. The fact to be proved by the absent witnesses
was one of general notoriety and no reason was stated
why the testimony of witnesses equally informed on the
subject who resided within the jurisdiction of the court

could not be obtained. The matter of granting continuances is one within the sound discretion of the trial court, and this court will not undertake to control the exercise of that discretion unless it is shown to have been abused. No abuse of discretion being shown, it is our duty to accept the ruling of the trial court as correct.

(2) One of the State's witnesses, who was introduced to prove the venue, testified that in November, 1909, he made two surveys of the northern portion of said island, and made a plat or map thereof. The witness identified a blue print of this map and the same was introduced in testimony over the objections of appellant. The witness stated that he did not make the blue print and had not compared it with the original map which he had formerly made, but his testimony demonstrated his familiarity with it and tended to establish the fact that it was a correct map of that locality. It was not essential that the original map should be introduced if the testimony of the witness was sufficient to identify the blue print as a correct map of the locality. The original map was not the best evidence in the sense that it must be introduced, or its loss proved, before a copy was admissible. In other words, the testimony of the witness in identification of the blue print made it competent testimony. Its competency depended upon the testimony of the witness who identified it, notwithstanding the fact that it was not shown to have been an exact copy of the original. There was no error, therefore, committed by the court in admitting the blue print in connection with the testimony of the witness.

(3) It is next contended that the proof was insufficient to establish the fact that appellant owned, used or controlled the house described in the indictment, within the meaning of the statute. The evidence is sufficient, however, to show that the house was owned and controlled by Andy Crum, and that appellant, in conjunction with said owner, clandestinely sold intoxicating liquors therein by the aforesaid device. Under those circumstances appellant was indictable as a principal offender under this

statute.   It is not essential that the one who sells the liquor shall himself own or control the house, if he makes the sale in conjunction with the person who owns or controls the house.   One who owns or controls a house and lets it to another person, knowing at the time that it is to be used for the clandestine sale of liquor, is guilty under the statute, and so is the one who sells the liquor or keeps it for sale if he does so with the consent or connivance of the owner.   *Crocker* v. *State*, 49 Ark. 60.   The proof in this case shows that Andy Crum owned and controlled the house and that under the circumstances he must have known and did know it was being used for the clandestine sale of liquor, and that appellant sold liquor there in furtherance of the design.   He is therefore guilty under the statute the same as if he had owned and controlled the house himself.

The instructions of the court were correct and embodied all the correct instructions which were requested by appellant.   The issues were correctly submitted to the jury, and as there was evidence sufficient to sustain the verdict the judgment must be affirmed.   It is so ordered.