## STATE *v.* BROWN.

### Opinion delivered June 3, 1918.

1. CRIMINAL LAW—APPEAL FROM JUSTICE COURT—COST BOND.—Upon an affidavit filed in justice court, one B. was convicted of larceny. B. appealed to the circuit court. *Held,* where no motion was made to require a bond for costs to be given in the justice court, the law does not require the prosecuting witness to give a bond for costs in the circuit court on appeal.

2. CRIMINAL LAW—JEOPARDY—SELECTION OF JURY.—In a criminal case, until the entire jury is selected and sworn, jeopardy does not attach.

Appeal from Fulton Circuit Court; *J. B. Baker,* Judge; reversed.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellant.

1. No request was made in the justice's court for a cost bond. By going to trial without demanding a cost bond appellee waived his right. Kirby's Digest, § 2476; 111 Ark. 51; 124 *Id.* 20; 37 *Id.* 405.

2. Appellee has never been in jeopardy, as the jury had not been sworn. **48 Ark. 36.**

HART, J.　On July 7, 1917, Fred Brown filed an affidavit before a justice of the peace in Fulton County, Arkansas, charging R. W. Brown with the crime of petit larceny. The defendant was convicted before the justice of the peace and appealed to the circuit court. There a motion by the defendant to quash the judgment of the justice of the peace was sustained and the State appealed to this court. The court held that the circuit court erred in quashing the judgment because under the statute it should have tried the case anew as if no judgment had been rendered in the justice court. Therefore the judgment of the circuit court was reversed and the cause remanded for a new trial. *State* v. *Brown,* 131 Ark. 127.

After the case had been remanded and had been called for trial in the circuit court, but before the jury had been impaneled and sworn to try the case, the defendant made a motion to dismiss on the ground that no bond for costs had been filed as required by section 2476 of Kirby's Digest. The motion of the defendant was sustained by the circuit court and the State has again appealed to this court. The circuit court erred in dismissing the prosecution for the failure of the prosecuting witness to file a cost bond. No motion was made to require a bond for costs to be given in the justice court and the law does not require the prosecuting witness to give a bond for costs in the circuit court. A failure to give bond under the statute is a matter to be pleaded in abatement in the justice court and the issue can not be raised in the circuit court for the first time. *Jones* v. *State,* 111 Ark. 51, and *Payne* v. *State,* 124 Ark. 20.

This court has held that, until the entire jury is selected and sworn, jeopardy does not attach. *Whitmore* v. *State,* 43 Ark. 271, and *State* v. *Ward,* 48 Ark. 36.

In the present case the jury had not been impaneled and sworn and the court dismissed the prosecution.

Therefore the judgment will be reversed and the cause will be remanded for a new trial.