FRANKLIN *v.* STATE.

Opinion delivered July 11, 1921.

1. CONTINUANCE—ABSENCE OF WITNESS—DILIGENCE.—Defendants on trial for manufacturing intoxicating liquors were not entitled to a continuance for the absence of a witness who was likewise under indictment for the same offense, but who had not been subpoenaed as a witness on behalf of defendants.

2. CRIMINAL LAW—FORMER JEOPARDY.—Where, after a jury was impaneled in a felony case, a member of the jury advised the court that he had formed and expressed an opinion of defendant's guilt, having concurred in a verdict against one associated with defendant in the alleged crime, and the court, without objection from defendant, excused such juror and ordered the clerk to call another juror, the defendant, by his silence, will be held to have assented to the juror's discharge, and cannot plead former jeopardy.

3. CRIMINAL LAW—CONFESSION.—Where defendant denies having made a confession to the sheriff, he will not be heard to contend that, if made, the confession was obtained from him by threats.

4. INTOXICATING LIQUORS—UNLAWFUL MANUFACTURE—EVIDENCE.—On a prosecution for manufacturing or being interested in the manufacture of intoxicating liquors, evidence that defendant had told a witness how to make intoxicating liquors was competent in connection with evidence of the witness that he had bought from defendant a still and three barrels containing the ingredients for making whiskey.

Appeal from Pike Circuit Court; *James S. Steel,* Judge; affirmed.

*W. S. Coblentz,* for appellant.

(1) The court erred in overruling defendant's motion for continuance. The trial court assigned as reason therefor that the absent witness was indicted by the same grand jury for manufacturing liquor. It was shown by affidavit that the defendants did not know that the evidence of this witness would be material until too late to

secure his attendance. It was set out in the motion that the court permitted the witness to go to a sick wife. Illness in family of a witness may be ground for continuance. 5 Enc. Pro. 462. The testimony of this witness was material.

(2)   Plea of former jeopardy should have been sustained. After impaneling the jury, the court discharged one of the jurors over defendants' objection. Bishop, Cr. Law, p. 571; 112 Tenn. 596; 43 Ark. 271; 135 Ark. 166.

(3)   Error in admission of Franklin's confession to the sheriff, obtained by threats. A confession obtained through threats is inadmissible. 47 Ark. 172; 14 Ark. 555; 11 Ark. 389; 50 Ark. 305; 66 Ark. 506.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellees.

HART, J.   Perry Franklin, Ben Davidson, Eli Markham, Jewell Sparks and Ira Green, were separately indicted for the crime of manufacturing and being interested in the manufacture of intoxicating liquors. The defendants were charged with manufacturing and being interested in the manufacture of intoxicating liquors at the same place and at the same time. They were tried separately, and there is a separate transcript in each case, but the testimony in each is practically the same. There was a verdict of guilty in each case, and from the judgment of conviction each defendant has separately prosecuted an appeal to this court.

For the sake of convenience the cases have been briefed and heard together here. The evidence for the State is sufficient to warrant a conviction, and no assignment of error is urged here on that account.

The defendant in each case assigns as error the refusal of the court to grant him a continuance on account of the absence of Buck Nicholson. There was no error in the action of the court in refusing the continuance, because the defendants did not show due diligence in endeavoring to procure the attendance of the absent wit-

ness. *Osborne* v. *State,* 121 Ark. 160. The record shows that Buck Nicholson had also been indicted for the crime of making intoxicating liquors, and had been permitted to go home to visit a sick wife at the time these cases were tried. Nicholson had not been subpoenaed as a witness in either of the cases. He was not required to attend court except in his own case. The defendants had no right to rely upon his being present when their cases were called for trial. Having failed to have the witness subpoenaed in their cases, they are in no attitude to complain that he was not present in court when they wished to call him as a witness, and the court did not abuse its discretion in refusing to grant them a continuance.

In No. 2526 the defendant, Franklin, assigns as error the action of the court in refusing to sustain his plea of former jeopardy. Counsel rely upon the holding of the court in *State* v. *Brown,* 135 Ark. 166, and *Whitmore* v. *State,* 43 Ark. 271, to the effect that when a jury in a criminal case is impaneled and sworn in a court of competent jurisdiction under a valid indictment, the accused is in jeopardy and the discharge of the panel or any part thereof without his consent will bar a further prosecution for the same offense.

We think the record in the present case shows an implied consent on the part of the defendant to discharge one of the jurors. The record is as follows:

"Court: After the jury was sworn, and before anything else was done in the case, it was discovered that Theodore Mansfield, one of the jurors selected in the case, was disqualified for the reason he had sat upon the case of Ira Green, Eli Markham and Jewell Sparks, three defendants who were jointly charged with the defendant in the manufacture of liquor; that he claims he didn't think about it at the time he was impaneled, but after being impaneled he comes to the court and tells him he was on that case, and was disqualified in the case because he had formed and expressed an opinion by his

verdict, and he asked the court to excuse him because of his disqualifications as a juror, and for this cause, upon challenge of the State, the court discharges said juror, Theodore Mansfield, and ordered the clerk to call another name.

"Mr. Coblentz: The defendant now interposes a plea of former jeopardy, from the fact the jury had already been sworn. The defendant also excepts to the ruling of the court in discharging Mansfield on motion of the State. The court overrules the plea of former jeopardy, and the defendant now excepts."

In *Whitmore* v. *State, supra,* the court said that the general rule is, that the discharge of a jury, after the machinery of the court is fully organized for trial and judgment, without the consent of the defendant, express or implied, operates as an acquittal. In *Atkins* v. *State,* 16 Ark. 568, the court said: "Lord Coke seems to have been of the opinion that a jury charged in a capital case, could not be discharged without giving a verdict, even with the consent of the prisoner and the attorney general. 1 Inst.: 227b; 3 Inst. 110. But the doctrine was fully discussed in the case of the Kinlocks, Foster 16, and the law settled to be that where the jury is discharged by the consent, and for the benefit of the prisoner, he can not avail himself of such discharge as ground to be released from further prosecution."

The record shows that the discharged juror had been on the panel which had convicted three other defendants charged with making intoxicating liquors at the precise time and place that the defendants were charged with making such liquors. In other words, five persons, including the defendants, were engaged in making intoxicating liquors at a certain time and place, as one transaction. Three of them were tried together and convicted before the defendants were put on trial. The juror in question was on the panel which had convicted these other three defendants. When the juror saw that the

defendants were being tried for the same transaction, he informed the court that he had an opinion of their guilt, and it is obvious that the court discharged the juror in the interest of the defendants. The defendants and their attorney must have known that this was the case, and yet they sat by until after the court had discharged the juror before they made any objection or entered their plea of former jeopardy. This is shown by the language of the attorney. After the court had discharged the juror and ordered the clerk to call another man, the attorney for the defendants said that "the defendant now interposes a plea of former jeopardy," and that the defendant also excepts to the ruling of the court in discharging the juror. His action in remaining silent during the colloquy between the court and the juror and in permitting the court to discharge the juror and summons another one, under circumstances so manifestly for the benefit of the defendant, constituted an implied consent on his part to the action of the court. He must have known as a man of reasonable intelligence that the court was acting for his best interest and, not having raised any objection, he will be deemed to have impliedly assented to the action of the court, and not merely to have acquiesced in the action of the court.

Moreover, there was a manifest necessity which warranted the court in discharging the juror, and no jeopardy attached to the accused. The question was fully discussed in *Thompson* v. *United States,* 155 U. S. 271. In that case, after the jury had been sworn and a witness examined, the fact that one of the jury was disqualified by having been a member of the grand jury that found the indictment became known to the court. Thereupon the court, without the consent of the defendant and under exception, discharged the jury and directed that another jury should be called. The defendant pleaded former jeopardy, but the court denied his plea. In discussing the question the court said: "As to the question raised by the plea of former jeopardy, it is sufficiently answered

by citing *United States* v. *Perez,* 9 Wheat. 579; *Simmons* v. *United States,* 142 U. S. 148, and *Logan* v. *United States,* 144 U. S. 263. Those cases clearly establish the law of this court, that courts of justice are invested with the authority to discharge a jury from giving any verdict, whenever in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated, and to order a trial by another jury; and that the defendant is not thereby twice put in jeopardy within the meaning of the Fifth Amendment to the Constitution of the United States." The question was, also, thoroughly discussed by the Supreme Court of Maine in *State* v. *Slorah,* 4 A. L. R., p. 1256, and the authorities bearing on the question reviewed. The court said:

"The administration of justice requires that verdicts, criminal as well as civil, shall be found by impartial juries, and shall be the result of honest deliberations absolutely free from prejudice or bias. The public as well as the accused have rights which must be safeguarded. If during the progress of a trial it shall become known to the court that some of the jury do not stand indifferent, whether toward the State or the accused, it would be a travesty on the administration of justice if the trial must proceed, and, if acquitted by such a tribunal, the constitutional safeguard may be invoked against again placing him in jeopardy before an impartial jury. Such a trial obviously should not constitute jeopardy, whether the jury be prejudiced or influenced in behalf of the accused or the State. To prevent such a perversion of justice, it is now well recognized that, if it comes to the knowledge of the presiding justice that such conditions exist, it creates that imperious, manifest necessity that will warrant a discharge of the jury, and such discharge will constitute no bar to another trial on the same indictment."

In the case of *State* v. *Duval,* L. R. A. 1916 E, p. 1264, the Supreme Court of Louisiana held that the trial

court may discharge a juror in a capital case without the consent of the prisoner, whenever in its opinion there is a manifest necessity for such discharge. In that case, after the jury had been sworn and the indictment read, the court found one of the jurors to be legally incapable to sit on the jury because he had formed an expressed determination not to find the defendants guilty.

In the present case the juror had been on the jury which had tried and convicted three defendants who had been charged with making whiskey at the same time and place that the defendants were charged with making it. In other words, the five men were engaged in the same transaction, and, as soon as the juror discovered this to be the fact, he announced to the court that he had formed an opinion. Manifestly the action of the court in discharging the juror was in the interest of the accused and for the purpose of enabling him to obtain a fair and impartial trial.

Again it is insisted by counsel for Franklin that the court erred in permitting the sheriff to testify to an admission made by the defendant which was in the nature of a confession and which is claimed to have been obtained by threats.

In answer to a question propounded to the defendant as to what had been said to him by the sheriff about it being to his best interest to tell about his connection with making the liquor, the defendant answered that the sheriff had said there was a worm in the defendant's loft; that, if the defendant did not tell about it, the other boys were going to bring it up against him. The defendant then denied having made an admission to the sheriff at all. Having made this denial, he is in no attitude to claim that a confession was obtained from him by threats.

In No. 2527 counsel for Ben Davidson assigns as error the action of the court in permitting Jim Higgins to testify that Ben Davidson had told him how to make in-

toxicating liquors.   Higgins had already testified, without objection, that he had bought a still and three barrels of beer from Ben Davidson.   The witness was then permitted to testify that the defendant at the time said that he had put one and a half bushels of meal and sixty pounds of sugar in the three barrels of beer.   There was other evidence tending to show that these ingredients were used in making whiskey.   Therefore the testimony was competent as tending to connect the defendant with the making, or being interested in the manufacture, of intoxicating liquors on the occasion in question.

We find no prejudicial error in the record, and the judgment will be affirmed.