## Reola DANIELS *v.* STATE of Arkansas

CA CR 84-64                                      674 S.W.2d 949

Court of Appeals of Arkansas
Division II
Opinion delivered September 12, 1984

*William R. Simpson*, Public Defender, by: *Jacquelyn C. Gregan*, Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant was charged with theft by deception of an amount in excess of $2,500, a class B felony, in violation of Ark. Stat. Ann. § 41-2203 (Repl. 1977). Specifically, appellant was accused by Arkansas Social Services of receiving welfare benefits in an amount in excess of $8,000 by fraud. At her trial, in which she waived a jury, a witness called by the State was asked by the prosecutor to testify to the amount of welfare benefits paid to appellant. The trial court sustained appellant's objection to the competency of the witness to testify on the matter, and following a discussion with the parties, the court granted a continuance of the case for three weeks so that the State might call the proper witness. Appellant's objection to the continuance was overruled. The trial resumed and appellant was found guilty and sentenced to twenty years in prison. Imposition of sentence was suspended conditioned upon restitution to Arkansas Social Services.

The sole issue on this appeal is whether the trial court erred in granting the continuance. We find no error, and we affirm.

The granting or denial of a continuance is within the sound discretion of the trial court "and will not be reversed absent a clear abuse of that discretion amounting to a denial of justice." *Walls* v. *State,* 280 Ark. 291, 658 S.W.2d 362 (1983). The appellant bears the burden of demonstrating that the trial court erred in its ruling on a motion for a continuance and one asserting error must show a clear abuse of discretion. *Branham* v. *State,* 274 Ark. 109, 623 S.W.2d 1 (1981). A ruling on a motion for a continuance does not constitute grounds for reversal unless prejudice to the complaining party can be proved. *Christian* v. *State,* 6 Ark. App. 138, 639 S.W.2d 78 (1982).

The trial judge stated that he believed that a failure in communication between the prosecutor and appellant's counsel rendered a continuance necessary. Appellant's only allegation of prejudice was that her welfare benefits had

been discontinued pending her trial for welfare fraud and that she would be in dire straits financially and was "hoping this matter would be cleared up today." The substance of appellant's allegation of prejudice appears to be that she would suffer financially if an acquittal were delayed. That possibility of prejudice was one of the factors weighed by the trial court before granting the State's motion, and the action of the trial court was a proper exercise of discretion.

Appellant's argument that the granting of a continuance subjected her to double jeopardy is without merit. She cites as authority *Downum* v. *United States*, 372 U.S. 734 (1963), which held that a trial court had abused its discretion and subjected the defendant to double jeopardy in discharging one jury and impaneling a second two days later because of the absence of a prosecution witness. *Downum* is inapplicable to the present case. Here, the proceedings were merely continued and then resumed, not terminated and then begun anew. Ark. Stat. Ann. § 41-106 (Repl. 1977) provides, in pertinent part, that a former prosecution is a affirmative defense to a subsequent prosecution for the same offense if the former offense was terminated without the consent of the defendant. However, a continuance is not a termination, and § 41-106 would not be applicable in this instance.

We find no evidence of discretionary abuse or prejudice.

Affirmed.

MAYFIELD and CORBIN, JJ., agree.