Allen Bruce WOODS *v.* STATE of Arkansas

CR 85-89 697 S.W.2d 890

Supreme Court of Arkansas
Opinion delivered October 21, 1985

*Herman H. Hankins, Jr.* and *Steven G. Beck*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. In September, 1983, Allen Woods and three others were charged with aggravated robbery. A trial on this charge has not yet been completed and Woods brings this interlocutory appeal on the grounds of double jeopardy.

In April, 1984 a jury was selected and sworn in, but before testimony began it was discovered that the prosecution had taken a statement from one of the co-defendants but had not furnished it to the other defense attorneys as required by A.R.Cr.P. Rule 17.1. A continuance was granted and the jury was discharged.

A second trial was scheduled in August, 1984. Prior to jury selection the defense moved for dismissal on the grounds of double jeopardy as a result of the termination of the earlier trial. The motion was denied and a second jury was selected and sworn in. The discharging of the original jury and the selection of another gave the continuance the practical effect of a mistrial, see *Daniels* v. *State*, 12 Ark. App. 251, 674 S.W.2d 949 (1984), and that is not a point of contention in this case. The August trial began but after testimony by several witnesses, a mistrial was declared because of exculpatory testimony given by one of the witnesses. The defense requested this mistrial and there is no double jeopardy claim here.

Before proceeding with the third attempt at trial, a motion for dismissal was again made by the defense on double jeopardy

grounds based on the termination of the first trial. The motion was denied and this appeal followed, pursuant to ARAP 3. See *Jones* v. *State*, 230 Ark. 18, 320 S.W.2d 645 (1959).

 Ark. Stat. Ann. § 41-106 (Repl. 1977) codifies the law on double jeopardy and provides in part:

> Former prosecution — Same offense. A former prosecution is an affirmative defense to a subsequent prosecution for the same offense under any of the following circumstances:
>
> ****
>
> (3) The former prosecution was terminated without the express or implied consent of the defendant after the jury was sworn or, if trial was before the court, after the first witness was sworn, unless the termination was justified by overruling necessity.

The Commentary to that section explains:

> Express consent occurs when the defendant moves to terminate the trial or agrees to termination on motion of the court or the state. The Model Penal Code declined to take a stand on whether mere failure to object to termination constitutes implied consent. Fortunately, the Arkansas Supreme Court has addressed the issue, developing what the Commission felt was a workable definition of implied consent. See, *Franklin* v. *State*, 149 Ark. 546 (1921); *Burnett* v. *State*, 76 Ark. 295 (1905). Consent is implied if the defendant fails to object to termination and the termination is for the benefit of the defendant. If the termination is for the benefit of the state, mere failure to object does not constitute consent.

Appellant argues that no express consent was given and, alternatively, that the termination was not for his benefit but for the benefit of the state and, hence, his failure to object does not constitute an implied consent. We reject the argument. The record at the first trial (pp. 248-253) reveals an extended dialogue in chambers between defense counsel, the prosecutor and the trial judge over a statement the prosecutor had taken from one of the co-defendants which had not been furnished to the other defend-

ants until the morning of trial. The discussion concluded with this exchange:

BY MR. LEE (defense counsel):

But, we didn't know anything about a statement until Ursery said there probably is one and now you're saying there for sure is one.

BY MR. ARNOLD (prosecuting attorney):

I took it.

BY MR. ACHOR (defense counsel):

*Brady* vs. *Maryland* gives us that statement immediately.

BY MR. ARNOLD:

Well, you're getting it. I just got it.

BY MR. LEE:

Well, we've got no—absolutely no way to be able to disseminate that statement at the eleventh hour and prepare for a Wednesday trial after the jury has already been selected.

BY THE COURT:

*You are right, gentlemen. I'm sorry, but I'm going to have to grant your request for a continuance. I don't like it.*

BY MR. ARNOLD:

Judge, I told them she was going to testify.

BY THE COURT:

I know you told them she was going to testify, but if she gave you a statement, it should have been made available to them.

BY MR. ARNOLD:

I've just got it transcribed.

BY THE COURT:

They filed a motion for discovery. You responded to them. You have updated them, but you have not given them a

216

copy of that statement.

■ Although no consent was literally stated, reading the colloquy as a whole, it is clear the defense was requesting a continuance from the court, which was granted. No other interpretation is plausible.

Even if we could agree with appellant that no actual consent was expressed, the argument must fail because the continuance was for the benefit of the defense and was granted without objection, and in that circumstance consent will be implied. The objections to the co-defendant's statement and the avowed need for more time were specifically stated by the defense. The continuance was obviously granted to enable the defense to adequately prepare for trial. See *McGill* v. *State*, 209 Ark. 85, 189 S.W.2d 646 (1945); *Franklin* v. *State*, 149 Ark. 546, 233 S.W. 688 (1921).

Affirmed.

PURTLE, J., not participating.