Tommy PHILLIPS *v.* STATE of Arkansas

CR 99-94                                    992 S.W.2d 86

Supreme Court of Arkansas
Opinion delivered June 17, 1999

*William A. McLean*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Senior Ass't Att'y Gen., for appellee.

LAVENSKI R. SMITH, Justice. Appellant, Tommy Phillips, appeals the order of the Pulaski County Circuit Court denying his motion to dismiss. Phillips contends the court's order violated his Fifth Amendment right against double jeopardy. We disagree and affirm.

Phillips, along with Cochise Miles, was charged with capital murder and two counts of aggravated robbery. The State alleged Phillips fatally shot Van Dean Clause during a robbery of the Freight Damaged Grocery Store in Little Rock. Carr Stalnaker, who was delivering chips to the store, witnessed the crime. The perpetrators robbed Stalnaker at gunpoint but, fearing for his life, Stalnaker fled the scene after Clause was shot. Stalnaker later identified appellant as Clause's assailant during a line-up at a Little Rock police station.

Phillips's jury trial began on February 3, 1998, and proceeded normally until the sixth day, when just prior to closing arguments, attorney Bill Brown notified the court that as an officer of the court he had something he felt he must say regarding the proceedings. Based upon what he had read in the newspaper, Brown asserted that the court needed to be apprised of statements Brown believed could have been made by Carr Stalnaker during Cochise Miles's line-up identification. Brown represented Miles at the time. Specifically, Brown stated he believed he overheard Stalnaker say, "I don't know why I'm here. I didn't see anything." Phillips's counsel and the deputy prosecutor acknowledged that Brown's observation had been placed in the case file and was known by defense counsel prior to trial.

After Brown's examination outside the presence of the jury, Phillips's counsel moved the court to permit him to reopen the case and permit Brown's examination as a defense witness. Following a brief recess, the court announced that, on its own

motion, it was declaring a mistrial. Neither counsel objected. The court scheduled a new trial to commence on August 24, 1998. On July 28, 1998, Phillips filed a motion to dismiss, alleging that the court's sua sponte mistrial ruling triggered double jeopardy protection, and a subsequent trial would be unconstitutional under federal and state constitutional provisions.

## Standard of Review

The decision to order a mistrial and retry a criminal defendant lies within the sound discretion of the trial judge, and will be upheld absent an abuse of discretion. *Shaw v. State,* 304 Ark. 381, 802 S.W.2d 468 (1991). The trial court should resort to a mistrial only where the error complained of is so prejudicial that justice cannot be served by continuing the trial or when the fundamental fairness of the trial itself has been manifestly affected. *Stanley v. State,* 324 Ark. 310, 920 S.W.2d 835 (1996).

## Double Jeopardy

Double jeopardy attaches in a jury trial once the jury is sworn. *Tipton v. State,* 331 Ark. 28, 959 S.W.2d 39 (1998); *Hale v. State,* 336 Ark. 345, 985 S.W.2d 303 (1999). We have held that a manifestly incorrect trial court decision to grant a mistrial will bar subsequent prosecution. *Wilson v. State,* 289 Ark. 141, 712 S.W.2d 654 (1986). The safeguard against being "subject for the same offense to be twice put in jeopardy of life and limb" is guaranteed by the Fifth Amendment to the U.S. Constitution and by Article 2, § 8, of the Arkansas Constitution. To further secure this right, our legislature has codified it as an affirmative defense to criminal prosecution. The relevant statute, Ark. Code Ann. § 5-1-112, provides in pertinent part:

> [*Affirmative defense — Former prosecution for same offense.*]
>
> A former prosecution is an affirmative defense to a subsequent prosecution for the same offense under any of the following circumstances:
>
> . . .

(3) The former prosecution was terminated without the express or *implied consent* of the defendant after the jury was sworn or, if trial was before the court, after the first witness was sworn, unless the termination was justified by overruling necessity. (Emphasis added.)

From the language of the statute, as well as our double jeopardy cases, it is clear that once the jury is sworn, a criminal defendant cannot be tried on the same charge again unless he consented to the trial's termination or it was justified by overruling necessity.

█ We have long held that a defendant's consent to the termination of the trial can be either express or implied. If the defendant's consent is evident, demonstration of an overruling necessity is not required in order to avoid the affirmative defense of double jeopardy. *Whitmore v. State*, 43 Ark. 271 (1884). We have found implied consent in circumstances where the mistrial is declared for the benefit of the defendant and the defendant does not object. *Rowlins v. State*, 319 Ark. 323, 891 S.W.2d 56 (1995); *Woods v. State*, 287 Ark. 212, 697 S.W.2d 890 (1985); *Burnett v. State*, 76 Ark. 295 (1905). In *Woods, supra*, a statement had not been provided to the defense in a timely fashion. The trial court granted continuance, and subsequently ordered a mistrial. On appeal, we held the mistrial was for Woods's benefit and that implied consent existed. The court also noted the statute[1] and quoted the Commentary to that section which provides:

> Express consent occurs when the defendant moves to terminate the trial or agrees to termination on motion of the court or the state. The Model Penal Code declined to take a stand on whether mere failure to object to termination constitutes implied consent. Fortunately, the Arkansas Supreme Court has addressed the issue, developing what the Commission felt was a workable definition of implied consent. See, *Franklin v. State*, 149 Ark. 546 (1921); *Burnett v. State*, 76 Ark. 295 (1905). Consent is implied if the defendant fails to object to termination and the termination is for the benefit of the defendant. If the termination is for the benefit of the state, mere failure to object does not constitute consent."
> *Woods* at 214.

---

[1] Ark. Code Ann. § 5-1-112 was formerly codified as Ark. Stat. Ann. § 41-106.

In the instant case, Phillips requested to be allowed to reopen his case to protect his interests. The court, based on its view of the case, decided that mistrial was the best alternative to protect Phillips's interest and so ordered. Just after the dismissal of the jury, the following colloquy occurred:

PROSECUTOR: Your Honor, I didn't hear a motion for a mistrial.

THE COURT: The court did that on its own. Let me explain this very carefully. The State of Arkansas is seeking the death penalty in this case. The court is going to take its own steps to make sure that justice is carried out. If there are persons who are switching testimony or statements, those have to be reviewed and a jury should hear those all the way through. . . . TR 175-176.

Additionally, at the August 7, 1998 hearing on Phillips's motion to dismiss on grounds of double jeopardy, the court further stated in conversation with defense counsel:

THE COURT: Well, Mr. McClean, to be quite specific in this case you acknowledge to the Court, if I'm not mistaken, that you had made a mistake—

MR. McCLEAN: That's correct:

THE COURT: — in not subpoenaing Bill Brown. You said that you had gone through the State's files, you had looked in there and you had neglected for whatever reason to subpoena Mr. Brown. You asked for a remedy that would have required that after closing arguments had been made that we reopen this case — and put on the testimony of Mr. Brown. Now, I think that would have been highly prejudicial to your client to handle that that way. That's the Court's opinion of that. The man is facing a capital murder

charge where he could get the death penalty. . . To me the stakes were too high for your client for you not to ask for a mistrial in the first place. In the interest of justice and what this Court considers to be orderly and given the Court's impressions about how a capital murder case should be handled, that's just a bit too awkward to submit something like that to the jury.

So, under the rule as the prosecutor has cited and as the Court looked at right away, there was no objection on your part. So there's implied consent. That is the first ruling of this Court, that there was implied consent, even though it was sua sponte. The Court can order a mistrial sua sponte. And the second thing is that, even if that isn't considered implied consent, there is in this particular instance, certainly where a person is facing the possible remedy — penalty of the death penalty, that the termination of this case was justified by overriding necessity. TR 618-619.

■ Thus, there is no question that the court ordered a mistrial for the appellant's benefit. It is also clear appellant did not object. We, therefore, agree with the trial court and hold that implied consent exists and that appellant has not been subjected to double jeopardy.

Affirmed.