Larry D. Vaught, Judge, concurring. I agree with and join the majority’s analysis of Hoey’s second and third points on appeal, which challenged the length of his detention during the traffic stop and the admission of evidence retrieved from his cellular phone. I write separately as to Hoey’s argument that his conviction violated his federal and state constitutional protections against double jeopardy. As discussed in the majority’s opinion, our resolution of Hoey’s double-jeopardy argument hinges on whether the mistrial declared in this case was for his benefit or the State’s benefit. In Phillips v. State, the Arkansas Supreme Court explained: We have long held that a defendant’s consent to the termination of the trial can be either express or implied. If the defendant’s consent is evident, demonstration of an overruling necessity is not required in order to avoid the affirmative defense of double jeopardy. Whitmore v. State, 43 Ark. 271 (1884). We have found implied consent in circumstances where the mistrial is declared for the benefit of the defendant and the defendant - does not object. Rowlins v. State, 319 Ark. 323, 891 S.W.2d 56 (1995); Woods v. State, 287 Ark. 212, 697 S.W.2d 890 (1985); Burnett v. State, 76 Ark. 295, 88 S.W. 956 (1905). Phillips, 338 Ark. 209, 212, 992 S.W.2d 86, 88-89 (1999). Therefore, under the clear language of Phillips, if the mistrial was for the benefit of the State, Hoey’s lack of an objection would not constitute implied consent, and we would reverse, but if the mistrial is deemed to be for Hoey’s benefit, his failure to object effectively waived his ability to raise a double-jeopardy defense at the second trial. The facts presented in this case demonstrate that, while Hoey is the party that requested the' continuance, it was based on the State’s failure to provide requested discovery. The court then sua sponte declared a mistrial 1 abased on its inability to reschedule the trial within a reasonable period of time to allow the already selected jury to continue hearing the case. I view the continuance as a benefit to the State, because it was a result of the State’s -violation of the Rules of Criminal Procedure, and I view the subsequent mistrial as either a continuation of that benefit to the State or, more accurately, a benefit to the court’s own calendar. Either way, neither the continuance nor the mistrial provided Hoey with any benefit, other than the rights to which he was already entitled under the rules. However, in Woods v. State, 287 Ark. 212, 213, 697 S.W.2d 890, 890 (1985), the Arkansas Supreme Court had a very different interpretation of a similar issue. In Woods, a jury was selected and sworn in, but before testimony began, Woods’s attorneys discovered that the prosecution had taken a statement a codefendant- but had not furnished it to Woods’s counsel as required by Rule 17.1 of the Arkansas Rules of Criminal Procedure. “A continuance was granted and the jury was discharged.” Woods, 287 Ark. at 213, 697 S.W.2d at 890. In Woods, as in the present case, the circuit court clearly agreed that the State was required to have disclosed certain evidence to the defense and had not done so. The Arkansas Supreme Court held that because the defense had requested a continuance on the basis of not having been provided the evidence, the mistrial that ultimately resulted from the court’s granting that continuance was for the defendant’s benefit because it was “obviously granted to enable the defense to , adequately prepare for trial.” Id., 697 S.W.2d at 890. The court therefore held that, by not objecting, Woods had impliedly consented to the mistrial and could not subsequently assert a double-jeopardy defense. 1 ¾ Woods is directly on point and therefore mandates the outcome of the present case, but I write separately to encourage the Arkansas Supreme Court to ■ revisit this issue. Its interpretation that a mistrial that stems directly from the prosecution’s wrongful conduct is somehow “for the benefit of the defendant” is unjust and unreasonable. A continuance under such circumstances is only “for the benefit of the defendant” in the sense that it is the mechanism by which he may obtain the very rights already guaranteed to him by our Rules of Criminal Procedure. The benefit of being able to prepare for trial -with access to the State’s evidence is constitutionally guaranteed. In Lee v. State, 340 Ark. 504, 511, 11 S.W.3d 553, 557 (2000), the Arkansas Supreme Court recognized that, in Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), the United States Supreme Court held that the prosecution’s suppression of evidence violates the defendant’s Due Process rights. Our rules of criminal procedure reflect this and require timely disclosure of such evidence upon request. In Figueroa v. State, 2016 Ark. App. 30, at 2, 480 S.W.3d 888, 890, we explained that timely disclosure under Rule 17.1 requires disclosure of the evidence “in sufficient time to permit the defense to make beneficial use of it.” The circuit court has four options under Rule 19.7(a) to remedy a violation of the discovery rules in criminal cases: (1) permit discovery, (2) exclude the undisclosed evidence, (3) grant a continuance, or (4) enter an order as the court deems appropriate under the circumstances. Travis v. State, 371 Ark. 621, 626, 269 S.W.3d 341, 345 (2007) (citing Reed v. State, 312 Ark. 82, 847 S.W.2d 34 (1993)). “Under certain circumstances, a continuance to deal with the surprise caused by the State’s failure to comply with pretrial discovery requirements may be sufficient to cure any such errors.” Id,, 269 S.W.3d at 345; Hughes v. State, 264 Ark. 723, 574 S.W.2d 888 (1978). It is within the trial court’s discretion to employ any one of the listed sanctions under Rule 19.7(a) or one of its own choosing where there is a failure to disclose. Travis, 371 Ark. at 626, 269 S.W.3d at 345; Renton v. State, 274 Ark. 87, 622 S.W.2d 171 (1981). In addition to the remedies provided under Rule 19.7(a), Rule 19.7(b) allows the court to impose sanctions for willful violations. Clearly, the law recognizes the importance of a defendant’s right to full and timely discovery, and our rules of criminal procedure provide guidance for how that discovery is to be conducted and the remedies available to a defendant when discovery is not provided. And yet, when a defendant seeks recourse under Rule 19.7 for the State’s violation of its discovery obligations, our supreme court has inexplicably deemed any resulting mistrial to be “for the benefit of the defendant.” Such a rule places on that defendant the burden of having to object to any mistrial that might result from such a continuance or inadvertently be deemed to have waived his ability to raise double jeopardy as defense in a subsequent prosecution. Further, such an objection may not always be feasible. For example, in Woods, the defense requested and was granted a continuance, during which the jury was ultimately discharged. When the second trial was set to begin with the selection of a new jury, Woods raised double jeopardy as a defense. However, no mistrial was officially declared. The supreme court explained that “[t]he discharging of the original jury and the selection of another gave the continuance the practical effect of a mistrial, see Daniels v. State, 12 Ark. App. 251, 674 S.W.2d 949 (1984), and that is not a point of contention in this case.” Woods, 287 Ark. at 213, 697 S.W.2d at 891. So to what, then, would Woods have had to object in order to preserve his double-jeopardy defense? According to the supreme court, he should have objected to the court’s granting of 12fjhis own motion for a continuance, which is absurd. Id. at 215, 697 S.W.2d at 892. (“[T]he continuance was for the benefit of the defense and was granted without objection, and in that circumstance consent will be implied.”) (emphasis added). The rule established in Woods effectively punishes a criminal defendant for seeking the very remedy to which he is entitled under Rule 19.7(a). By simply requesting a continuance, as is expressly authorized under the rule, he risks waiving his state and federal constitutional protections against double jeopardy. I do not believe that a criminal defendant should be required to trade one constitutional right for another; he should not be forced to relinquish his double-jeopardy defense in order to demand the due process already owed to him. Moreover, we should be very careful about establishing precedents that effectively reward the State for violating the Rules of Criminal Procedure. I therefore respectfully suggest that the Arkansas Supreme Court revisit its holding in Woods and clarify that a criminal defendant who seeks a continuance under Rule 19.7 due to the State’s failure to provide discovery does not, by so doing, inherently waive his protection against double-jeopardy.