MARTIN v. STATE.

Opinion delivered December 17, 1923.

1. CRIMINAL LAW—FORMER JEOPARDY—DISCHARGE OF JURY.—Discharge of a jury, after conclusion of the opening statement of the prosecuting attorney, when one of the jurors announced that he was a member of the grand jury that returned the indictment against defendant, did not support a plea of former jeopardy; the action of the court being necessary in the administration of justice.

2. CRIMINAL LAW—INSTRUCTION SUFFICIENTLY COVERED.—In a prosecution for murder, no error was committed in refusing defendant's instruction that mere suspicion of an offense was not sufficient to justify a conviction; the requested instruction being substantially covered by the court's instruction on reasonable doubt.

3. HOMICIDE—SUFFICIENCY OF EVIDENCE.—In a prosecution for murder, evidence *held* to sustain a conviction of murder in the second degree.

Appeal from Jackson Circuit Court; *Dene H. Coleman*, Judge; affirmed.

*Gustave Jones* and *Fred M. Pickens,* for appellant.

*J. S. Utley,* Attorney General, *John L. Carter,* Assistant, for appellee.

HUMPHREYS, J.  Appellant was indicted for murder in the first degree, in the circuit court of Jackson County, and, when arraigned, entered a plea of not guilty to the charge.   He was convicted of murder in the second degree, and adjudged to serve a term of five years in the State Penitentiary as punishment therefor.   From the judgment of conviction he has prosecuted an appeal to this court.   At the conclusion of the opening statement of the prosecuting attorney as to the issues involved and what evidence the State would introduce in support of the charge, B. F. Hartwick, one of the jurors, announced that he was a member of the grand jury that returned the indictment in the case.   Thereupon the court gave appellant an opportunity to challenge the juror for cause, which he declined to do.   The court then discharged the jury, and appellant immediately entered a plea of former jeopardy, and moved the court for a discharge.   The court overruled the motion, and impaneled another jury to try the case, over the objection and exception of appellant.

Appellant first contends for a reversal of the judgment upon the ground that the court erred in overruling the motion.   Not so, for a necessity in the administration of justice had arisen demanding action on the part of the court.   It became the duty of the court to safeguard the right of appellant to a trial by an impartial jury, and also to protect the right of the public to test the guilt or innocence of one charged with crime by jury trial.   This court is committed to the doctrine that the discharge of a jury and impaneling of another in a situation of this kind does not constitute jeopardy. *Franklin* v. *State,* 149 Ark. 546, and cases cited therein in support of the rule.   The rule is based upon and grows out of the necessity of the situation.

Appellant next contends for a reversal of the judg-ment because the court refused to give, at his request, the following instruction: "Mere suspicion of the com-mission of an offense is not sufficient. What the law requires is proof, fully satisfying your minds and con-sciences of the defendant's guilt of the offense charged." The requested instruction was substantially covered by the court's instruction No. 3, upon reasonable doubt, which is as follows:

"By 'beyond a reasonable doubt' is meant that the evidence of the defendant's guilt must be clear and con-vincing, fully satisfying your minds and consciences. A mere imaginary, possible or captious doubt, however, is not a reasonable doubt. Such a doubt as the law contemplates as a reasonable doubt is a rational doubt, arising from the testimony and circumstances presented by the evidence in the case."

Appellee's last contention for a reversal of the judgment is that the verdict is without evidence under the law to support it. The argument is made that the undisputed evidence showed that appellant shot and killed John Hall in necessary self-defense. It is true that appellant and the witnesses introduced by him tes-tified that John Hall was reaching for and advancing upon appellant, with an open knife in his left hand, at the time appellant shot and killed him, but there was evidence introduced by the State tending to show that deceased did not own a knife, and that he was right-handed. One of appellant's witnesses admitted, on cross-examination, that Hall was six feet from appel-lant when he began to shoot. The testimony also showed that the deceased was shot above the heart, through the heart, in the leg above the knee, and in the shin. Appel-lant shot at Hall seven times. He oiled his pistol the morning before the crime occurred. The jury may have drawn an inference from these facts and other circum-stances leading up to the affray, needless to mention, that the killing was unnecessary.

No error appearing, the judgment is affirmed.