THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JULIO SANTOS COLÓN, Defendant and Appellant.

No. CR-64-389.      Decided April 30, 1965.

312

*Víctor Tirado Saltares* for defendant. *J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant and two other persons were jointly accused of robbery. The other two codefendants were first brought to trial. They were acquitted. The case against appellant having been set for trial and after the evidence for the prosecution had been presented, the prosecuting attorney raised the question that one of the jurors had been a member of the jury who sat at the trial of the other two defendants. The prosecuting attorney referred to Rule 121 (d) of the Rules of Criminal Procedure, which provides that:

"A challenge for cause may be taken on any of the following grounds:

".     •     •     •     •     •     •     •

"(d) Having been one of a jury formerly sworn to try another person for the same offense, or having been a member of another jury who tried the same charge, or having personal knowledge of facts essential to the cause."

When impaneling the jury, counsel for defendant asked "do any of you have personal knowledge of the facts in this case prior to today?" No one admitted having participated in the prosecution against the other two defendants.

██ When the question was raised in court, the judge said "the proper thing to do is to discharge the jury."[1] After arguing the question and announcing a recess to study it, counsel for defendant said:

"Your Honor, we do not consent to discharging the jury, but we are ready to continue the trial with the same jury."

The judge then asked whether counsel waived any contention on the basis of those facts of the jury. Counsel for defendant answered that "we request that the trial be continued because, in our opinion, the fact that she (the juror) has been a member of a former jury does not affect the defendant." The judge insisted that counsel answer whether he waived any contention and counsel said "Yes, sir. Only as to that juror."

On appeal appellant refers to the above-mentioned incident to contend that he was not given a fair and impartial trial. Appellant is wrong. The judge intended to discharge the jury. Counsel for defendant objected. It believed that the jury as it was impaneled, guaranteed him a fair and impartial trial. Now, after having been found guilty, defendant cannot raise the question that he was not given an impartial trial. He expressly waived to raise that question.

Defendant filed a motion for a new trial on the ground of this same incident. The trial judge denied it. Defendant's arguments were explained in the motion. The judge flatly dismissed it. Certainly, under such circumstances he did not abuse his discretion.

---

[1] It has been held that in cases of extreme necessity, because of an error in the proceedings, the judge may discharge the jury and grant a new trial without it constituting former jeopardy. *United States* v. *Tateo*, 377 U.S. 463 (1964); *Scott* v. *United States*, 202 F.2d 354 (D.C. Cir. 1952); *Jones* v. *State*, 320 S.W.2d 654 (Ark. 1959); *Martin* v. *State*, 256 S.W. 367 (Ark. 1923).

314 ▮

▮ Defendant challenges the sentence as excessive and alleges that "the conclusion we reach is that the trial court took into consideration the request for a hearing of aggravating circumstances filed by the prosecuting attorney without giving appellant an opportunity to be heard, because the record does not show that any such hearing was held." Without considering whether the judge may take into account the criminal record to impose the penalty, the truth is that here there is no proof of his doing so. It is a speculation of appellant.

Judgment appealed from will be affirmed.