EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JULIO SANTOS COLÓN, acusado y apelante.

*Número:* CR-64-389 · *Resuelto:* 30 de abril de 1965

*Víctor Tirado Saltares,* abogado del acusado; *J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El apelante fue acusado de robo conjuntamente con otras dos personas. Se celebró primeramente el juicio contra sus compañeros. Éstos fueron absueltos. Señalado el caso contra el apelante, al terminar la presentación de la prueba de cargo, el fiscal le plantea al tribunal la cuestión de que forma parte del jurado una persona que formó parte del jurado que intervino en el caso contra los otros dos acusa-

dos. El fiscal hizo referencia a la Regla 121, Inciso (d) de las de Procedimiento Criminal que dispone que:

"La recusación motivada de un jurado podrá hacerse por cualquiera de los siguientes fundamentos:

"(a) . . .

"(b) . . .

"(c) . . .

"(d) Que ha actuado en un jurado que ha juzgado a otra persona por los mismos hechos que motivan la acusación, o ha pertenecido a otro jurado que juzgó la misma causa, o que tiene conocimiento personal de hechos esenciales en la causa."

Al insacularse el jurado la defensa preguntó si "¿alguno de ustedes tiene conocimiento de los hechos en este caso, con anterioridad a este día?" Ninguno admitió haber intervenido en el caso contra los otros dos acusados.

■ Al plantearsele la cuestión al juez, éste manifestó que "lo que hay que hacer es disolver el jurado".(¹) Luego de discutir la cuestión y decretar un receso para estudiarla la defensa expresa:

"Vuestro Honor, nosotros no accedemos a que se disuelva el Jurado, y que sí, estamos dispuestos a continuar el juicio con el mismo Jurado."

El juez entonces pregunta si la defensa renuncia a cualquier planteamiento que pueda hacerse con motivo de esos hechos del jurado. La defensa contesta que "pedimos que se siga el caso, porque eso no afecta al acusado, nosotros entendemos, de que ella (la jurado) haya actuado." El juez insiste en que se conteste si se renuncia a cualquier planteamiento y la defensa afirma "Sí, señor. En cuanto a esa Jurado nada más."

---

(¹) Se ha sostenido que en casos de extrema necesidad por haberse cometido una irregularidad el juez puede disolver el jurado e iniciarse un nuevo proceso sin que ello constituya exposición anterior. *United States* v. *Tateo*, 377 U.S. 463 (1964); *Scott* v. *United States*, 202 F.2d 354 (D.C. Cir. 1952); *Jones* v. *State*, 320 S.W.2d 645 (Ark. 1959); *Martin* v. *State*, 256 S.W. 367 (Ark. 1923).

En apelación alude al incidente antes relacionado para sostener que no tuvo un juicio justo e imparcial. No tiene razón el apelante. El juez `se proponía disolver el jurado. La defensa se opuso. Entendió que el jurado como estaba constituido le garantizaba un juicio justo e imparcial. No puede ahora, luego de haber sido declarado culpable, levantar la cuestión de que no tuvo un juicio imparcial. Expresamente renunció a levantar esta cuestión.

El acusado radicó una moción de nuevo juicio fundada en este mismo incidente. El juez la declaró sin lugar. En la moción se expusieron los argumentos del acusado. El juez la desestimó de plano. Ciertamente, atendidas las circunstancias, no abusó de su discreción.

■ Impugna la sentencia por excesiva y alega que "la conclusión a que tenemos que llegar es que el tribunal sentenciador tomó en consideración la solicitud de vista de agravantes que radicó el fiscal sin darle una oportunidad al apelante de ser oído porque de los autos no aparece que se celebrara vista alguna." Sin entrar a considerar si el juez puede tomar en cuenta el récord criminal para imponer la pena, lo cierto es que aquí no hay prueba de que lo hiciese. Es una especulación del apelante.

*Se confirmará la sentencia apelada.*