Benjamin WILLIAMS and Randolph WALLACE
*v.* STATE of Arkansas

CR 86-118                                          718 S.W.2d 935

Supreme Court of Arkansas
Opinion delivered November 10, 1986

*William C. McArthur*, for appellant Benjamin Williams.

*Paul Johnson*, for appellant Randolph Wallace.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. On September 29, and 30, 1983, the appellants and two other individuals, Allen Bruce Woods and Stephana Bridges, were charged with an aggravated robbery that occurred on September 28. Both appellants Williams and Wallace were released on bond on November 28, 1983. The state filed amended informations charging the appellants as habitual offenders and also filed a motion to join the defendants. Both of the appellants moved for continuances.

On April 30, 1984, the first trial of the appellants and Woods commenced, but before the first witness was sworn it was discovered that the state had taken a statement from codefendant Bridges, who was not being tried with the three men. This information had not been previously divulged to the defense. On motion of the defense, the case was "continued." By order of the trial court dated March 15, 1985, the court granted the defendants' motion for a mistrial in the April 30, 1984 proceedings.

The second trial commenced on August 27, 1984. Both appellants moved to dismiss, asserting that forcing them to trial constituted double jeopardy. The court denied the motion. This trial also resulted in a mistrial after it became apparent that the state had not revealed to the defense that a witness to the robbery had viewed a photo lineup and had failed to identify any of the defendants. Notice of appeal of the denial of the double jeopardy motion was filed by the appellants that same day.

On November 26, 1984, the appellants filed a motion to extend the time to lodge the record on appeal until January 24, 1985. The trial court granted this motion. The record was never

filed.

On January 2, 1985, the appellants again filed a motion to dismiss, asserting that forcing them to trial constituted double jeopardy. The trial court refused to consider this motion because "the court considers these cases on appeal."

In early October, 1985, the appellants once again filed motions to dismiss on double jeopardy grounds. The appellants also asserted a violation of their right to a speedy trial under Arkansas Rules of Criminal Procedure Rule 28.1. These motions were denied by the trial court by an order dated October 23, 1985. It is from this order that the present appeal is taken.

On October 21, 1985, this Court handed down our decision in *Woods v. State*, 287 Ark. 212, 697 S.W.2d 890 (1985), wherein we held that co-defendant Woods had not been twice placed in jeopardy. The appellants concede that their arguments on this point were decided adversely to them in *Woods*.

The only issue in this appeal, therefore, is whether the appellants were denied a speedy trial as required by A.R.Cr.P. Rule 28.1. Jurisdiction is in the Supreme Court pursuant to A.R.Cr.P. Rule 28.1(d) and Supreme Court Rules 29(1)(f) and 29(l)(k).

In accordance with A.R.Cr.P. Rule 28.2, the time for trial commences to run, without demand by the defendant, from the date of the information or arrest, whichever is earlier. Further, if the defendant is to be retried, following a mistrial, the time for trial shall commence running anew from the date of the mistrial. A.R.Cr.P. 28.2(c). Periods of delay resulting from continuances granted at the request of the defendant and interlocutory appeals are excluded in computing the time for trial. A.R.Cr.P. Rule 28.3. The burden is upon the state to show good cause for delay if the accused is not brought to trial within the time limitations established in our speedy trial rules. *Chandler v. State*, 284 Ark. 560, 683 S.W.2d 928 (1985).

Had no appeal been taken from the order denying the double jeopardy motions on the day of the second mistrial, the time would have commenced running again on that date, August 27, 1984. However, the period of delay resulting from this interlocutory appeal, August 27, 1984, to January 24, 1985, must

be excluded from the time used to compute the speedy trial issue. Starting anew from the latter date, it is obvious that less than one year had elapsed by October 23, 1985, the date the order being appealed from here was filed.

From the foregoing timetable, it is clear that the appellants were not denied their right to a speedy trial. The time during which the interlocutory appeal was pending must be excluded. It would be unfair to the state to reduce the excludable period to anything less than the last date on which the appellants could have lodged the record on appeal. The burden is upon the state to prove justification for any delay beyond the established rules. *Williams* v. *State*, 275 Ark. 8, 627 S.W.2d 4 (1982). It is apparent from the record that the delays were the result of the action of the appellants. Therefore, the trial court correctly overruled the motions to dismiss for lack of a speedy trial.

Affirmed.