Jamie POOL *v.* STATE of Arkansas

CA CR 89-103                    780 S.W.2d 350

Court of Appeals of Arkansas
Division I
Supplemental Opinion on Denial of Rehearing
November 29, 1989

*Byron Thomason*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant's conviction was affirmed by this Court in an opinion not designated for publication delivered on August 23, 1989. In his petition for rehearing, the appellant asserts that we erred in relying on his judicial confession in light of *Harrison* v. *United States*, 392 U.S. 219 (1968). We do not agree that *Harrison* is controlling, and the petition for rehearing is denied.

*Harrison, supra,* deals with the admissibility of a defendant's former trial testimony prompted by introduction of an illegally-obtained confession. The case at bar, however, involves the separate question of the effect of a defendant's judicial confession to possession of contraband which, for purpose of analysis, we assume to have been obtained as the result of an illegal search.

The appellant in *Harrison* announced before trial that he would not take the stand on his own behalf. However, after the prosecution introduced Harrison's confession (which was later held to have been illegally obtained), Harrison did testify, admitting facts which placed him at the scene of the crime, gun in hand. 392 U.S. at 220-21. On retrial after an appeal in which the confession was held to be inadmissible, the prosecution introduced Harrison's self-incriminating testimony from the former trial, and he was again convicted. This second conviction was affirmed on appeal. *Id.* at 221.

The United States Supreme Court reversed the affirmance of this second conviction on the grounds that introduction of the illegal confession impelled Harrison's trial testimony, and that this testimony should therefore have been excluded as "the fruit of the poisonous tree." *Id.* at 223-36. The Court held that, having illegally placed Harrison's confession before the jury, the Government had the burden of showing that its illegal action did not

induce Harrison's trial testimony. *Id.* at 225.

The Court noted that, in *Harrison*, it decided "only a case in which the prosecution illegally introduced the defendant's confession in evidence against him at trial in its case-in-chief." *Id.* at 223. The Supreme Court has not extended the *Harrison* rule to cases involving a defendant's judicial confession of a crime following the introduction of physical evidence obtained in violation of the fourth amendment, and we decline to do so because such an extension of the exclusionary rule would serve no valid purpose.

The case at bar is distinguished from the circumstances of *Harrison* in that the appellant's testimony in the case at bar followed the introduction of physical evidence rather than his own confession. The *Harrison* Court placed great emphasis on the powerful inducement to testify which arises when a defendant's confession is introduced into evidence. *See id.* at 226, n. 14. Clearly, having had his own words of confession submitted to the jury, a defendant is powerfully impelled to explain them: no one else is in a position to do so. However, we do not believe that the same type or degree of inducement is present in cases, such as the case at bar, where the challenged evidence is contraband, the presence of which may conceivably be explained in terms of third persons or agencies of which the appellant had no knowledge and over which he had no control. Under these circumstances, the silence of the defendant is not intrinsically damning, and the defendant's inducement to testify does not rise to the same level as that of the defendant who must either explain his own words or let them pass without comment.

We think that the question in the case at bar is whether the relationship between the presumptively illegal search and the appellant's testimony was attenuated to the extent that the judicial confession can be said to have been a product of the appellant's free will. *See Brown* v. *Illinois*, 422 U.S. 590 (1975). In *Wong Sun* v. *United States*, 371 U.S. 471 (1963), the United States Supreme Court discussed the limits of the exclusionary rule:

> We need not hold that all evidence is "fruit of the poisonous tree" simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt

> question is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint."

*Id.* at 487-88. It is entirely possible that persons arrested illegally may decide to confess as an act of free will unaffected by the initial illegality. *Brown* v. *Illinois, supra,* at 603. The question whether a confession is a product of free will under *Wong Sun* is answered on a case-by-case basis with reference to the surrounding facts, including the temporal proximity of the arrest and the confession, the presence of intervening circumstances, and the purpose and flagrancy of the official misconduct. *Brown* v. *Illinois, supra,* at 603-04.

Here, the record shows that the appellant was arrested after he was stopped at a roadblock and a controlled substance was found in his automobile. At trial, the arresting officer testified that he was shining his flashlight into cars that he stopped, searching for weapons and contraband. The appellant asserted in his brief that the drugs found in the appellant's auto should have been suppressed because their discovery was not inadvertent, an assertion we accept for purpose of analysis. However, we cannot say that the roadblock was an example of flagrant police misconduct in light of the testimony of Sergeant Cleve Barfield, who planned the roadblock. Sergeant Barfield testified that the roadblock lasted for ninety minutes; that all cars coming from both directions were stopped, and that the roadblock was not intended to search for criminal offenses other than driving while intoxicated, but was instead intended primarily to check for licensing and registration violations. Finally, Sergeant Barfield testified that searches for drugs were not discussed or planned; that no special preparations had been made with regard to drug-related arrests; that he saw no officers shining flashlights at random, and that he would have corrected any trooper seen shining a flashlight indiscriminately in the interior of a stopped vehicle. Although it is clear that some of the troopers under Sergeant Barfield's supervision believed they were authorized to use their flashlights to discover contraband as well as protect themselves against weapons, we think the record clearly shows that any misconduct which may have occurred lacked the degree

of purpose required to constitute a flagrant violation. *See Brown v. Illinois, supra.*

With respect to the temporal proximity of the arrest to the confession and the presence of intervening circumstances, the record shows that the appellant was arrested on May 22, 1987; and was released on bond on or about May 26, 1987. By May 27, 1987, the appellant had secured counsel and been informed of his rights under *Miranda.* The record also shows that the appellant remained free on bond until his trial on September 19, 1988. Thus, the appellant was free for approximately sixteen months before his attorney called him to testify at trial, where he judicially confessed to possession of approximately twenty-five grams of cocaine. Under these circumstances, we hold that the appellant's judicial confession at trial was a voluntary act sufficiently distinguishable from the roadblock to be purged of any taint of illegality associated with the roadblock.

Petition for rehearing denied.