James Daniel TOWE *v.* STATE of Arkansas

CR 90-136                                   798 S.W.2d 56

Supreme Court of Arkansas
Opinion delivered October 29, 1990

*Person & Hughes*, by: *R. Paul Hughes III*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Petitioner petitions for a writ of prohibition, pursuant to A.R.Cr.P. Rule 28.1(d), challenging the trial court's ruling on a speedy trial motion.

On January 19, 1989, the petitioner, James Towe, was arrested and charged with two separate counts of delivery and possession of methamphetamine, #CR89-61 and #CR89-62. Towe was tried and convicted on the first charge, #CR89-61, on March 21, 1990, and sentenced to forty years in the Arkansas Department of Corrections. The second charge, #CR89-62, was set for trial for May 16, 1990. On the basis of our speedy trial

rules requiring trial within twelve months, A.R.Cr.P. Rule 28.1, appellant filed a motion to dismiss the second charge, claiming his trial date of May 16, 1990, was untimely. The motion was denied by the trial court and from that denial, appellant brings this petition.

The state agrees that time began running on January 19, 1989, the date of arrest [*see* A.R.Cr.P. Rule 28.2(a)] and further agrees the applicable speedy trial period under Rule 28.1 is twelve months. Therefore, Towe was entitled to be tried by January 19, 1990, unless there were authorized excludable periods under Rule 28.3 that would extend that date. Excludable periods would have to exceed 117 days, the length of time between January 19, 1990, and May 16, 1990. As it is undisputed that the speedy trial limit has passed, the burden is on the state to show good cause for an untimely delay in the trial. *Chandler* v. *State*, 284 Ark. 560, 683 S.W.2d 928 (1985).

The petitioner has conceded three excludable periods. The first runs from February 24 through April 7, 1989, caused by the petitioner's motion to be examined by a local psychiatrist. The second is from February 12, 1990 until March 21, 1990, due to a request by petitioner's new attorney to prepare for trial. Two more days are conceded by petitioner for time spent in a jury trial. These periods total eight-one days, thirty-six days short of the time needed to bring the trial date within the speedy trial limit.

The state claims the thirty-six days is more than cured by the events of November 17, 1989 through February 12, 1990, involving plea negotiations, but we disagree. The state's explanation is: The petitioner was to be tried on #CR89-61 on November 17, 1989, but instead reached an agreement with the prosecutor on that date that he would plead guilty to #CR89-61 and would give a truthful statement to the police regarding an older and unrelated murder case. The petitioner's lawyer at the time, James Marchewski, testified at the speedy trial hearing and stated that the prosecution's plan was to hold back on the prosecution of #CR89-62, in case petitioner's statement to the police was untruthful or incomplete. If the statement was satisfactory, the state would offer petitioner the same plea on #CR89-62 as he had on #CR89-61, but would run the sentences concurrently.

The police and prosecution apparently did not like what the

petitioner had to say, as the agreement did not materialize and on November 20, 1989, petitioner moved to withdraw his plea in case #CR89-61. By letter to the trial court on November 24, 1989, the state did not oppose the petitioner's motion and requested that both cases be set for trial as soon as possible. On December 18, 1989, the trial court granted petitioner's request to withdraw his guilty plea. As of that same date, December 18, only case #CR89-61, was reset for February 12, 1990. The first indication we can locate in record as to the resetting of #CR89-62, the one we are concerned with, was on January 8, 1990, when trial was also reset for February 12, 1990.

The state argues that either under Rule 28.3(a), "proceedings concerning the defendant," or Rule 28.3(h), "other just cause," the period from the time negotiations started, November 17, 1989, until trial could be reset for February 12, 1990, should all be counted as an excludable period.

We might agree that some of this time is excludable, but we cannot agree that all of it should be. The longest period attributable to plea negotiations that could be excluded ended, we believe, on December 18, 1989, when the trial court formally accepted the petitioner's withdrawal of the guilty plea. This view still leaves the state short of the thirty-six days necessary to come within the speedy trial limit.

While the state contends the excludable period should run up to the new trial date on February 12, 1990, it offers no basis or authority for this argument. There is nothing in Rule 28.3 on computing excludable periods that extends any of the described periods in the manner the state suggests. In fact, Rule 28.3(b) clearly states the policy of the speedy trial rules, i.e., that periods of delay resulting from congestion of the trial docket are allowed only in exceptional circumstances, and when so stated by the court.

The state has failed in this case to carry its burden to show that the delay in bringing the petitioner to trial was legally justified. *Williams* v. *State*, 290 Ark. 286 718 S.W.2d 935 (1986), *cert. denied*, 481 U.S. 1068 (1987).

The writ is granted.