James Daniel TOWE *v.* STATE of Arkansas

CR 90-161                                    801 S.W.2d 42

Supreme Court of Arkansas
Opinion delivered December 21, 1990

*Person & Hughes*, by: *R. Paul Hughes III*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This appeal from a conviction for delivery of controlled substances presents two arguments for reversal: violation of speedy trial and erroneous admission of evidence.

Appellant James Daniel Towe was arrested and charged with delivery of controlled substances in Sebastian County, Arkansas, on January 19, 1989, in two cases (CR-89-61 and CR-89-62). This appeal deals only with case No. CR-89-61.[1]

While case No. CR-89-61 was awaiting trial, the state and

---

[1] We dealt separately with case No. CR-89-62 in *Towe* v. *State*, 303 Ark. 441, 798 S.W.2d 56 (1990), resulting in the issuance of a writ of prohibition due to the state's failure to provide a speedy trial.

appellant reached a plea agreement conditioned on the appellant giving a truthful statement to the police in connection with an unsolved murder, and on November 17, 1989, appellant entered a plea of guilty. The agreement did not materialize, and on November 20, 1989, appellant moved to withdraw the guilty plea, and the state did not object. On December 18, 1989, the trial court granted the motion, and appellant was tried on March 21, 1990, found guilty and sentenced as an habitual offender to forty years in the Arkansas Department of Correction.

Appellant first argues the trial court erred in denying his motion to dismiss on the basis of a speedy trial violation, contending that he was not tried within twelve months as required by A.R.Cr.P. Rule 28.1. However, the state correctly points out that *Kennedy* v. *State*, 297 Ark. 488, 763 S.W.2d 648 (1989), disposes of the argument.

In *Kennedy*, the petitioner argued speedy trial based on a lapse of twenty-four months, but he had pled guilty and even though the plea was later withdrawn, a plea of guilty waives a number of significant rights, including the right to a speedy trial. *Hall* v. *State*, 281 Ark. 282, 663 S.W.2d 926 (1984). We looked to A.R.Cr.P. Rule 28.2(c), which defines when time begins to run in an analogous situation:

> (c)   if the defendant is to be retried following a mistrial, an order granting a new trial, or an appeal or collateral attack, the time for trial shall commence running from the date of mistrial order granting a new trial or remand.

We then said:

> We hold that an order allowing the withdrawal of a plea of guilty as analogous to an order granting a new trial, and the time for a trial begins to run anew after an order is entered allowing the withdrawal of a guilty plea. [Therefore, in that case, only eight months had run.]

■   Applying of the rule in *Kennedy* to this case, appellant's time for trial began anew after his guilty plea was withdrawn so that only four months had elapsed at the time of trial.

Secondly, appellant argues the trial court erred in admitting testimony from a prior trial. In October 1989, appellant was tried

and convicted in Crawford County on charges of possession with intent to deliver a controlled substance. At that trial, testimony was given by appellant and by an officer involved in undercover sales. Appellant asserts he elected to testify in that trial because of the officer's testimony. Towe appealed his Crawford County conviction to the Arkansas Court of Appeals where the case awaits submission. (*Towe* v. *State*, No. CACR 90-153). In the trial of the case now before us, in Sebastian County, the state was permitted over appellant's objections to introduce this testimony from the Crawford County trial.

Appellant maintains it was error to admit certain significant portions of the officer's testimony on the basis of A.R.E. Rule 403 and 404, dissimilarity of the offenses, and hearsay. Because of these errors, he contends his own testimony in the Crawford County trial court cannot be used in the Sebastian County trial if the Court of Appeals reverses on these evidentiary points. Appellant relies on *Harrison* v. *United States*, 392 U.S. 219 (1968), but we do not regard that case as applicable.

In *Harrison* the introduction of an illegally obtained confession prompted the defendant to testify at trial. On appeal the confession was rejected, but the defendant's testimony was not. On the second appeal, it was held that the defendant's testimony from the first trial should not have been admitted in the second trial, not because the defendant's testimony was the result simply of a *trial error*, but because it was the result of the illegal confession, and hence, "fruit of the poisonous tree."

█ The case at bar is readily distinguishable because the errors were not constitutional in nature, as in *Harrison*, but were only evidentiary errors. We agree with the analysis of the Court of Appeals in *Pool* v. *State*, 29 Ark. App. 234, 780 S.W.2d 350 (1989), where the appellant sought to apply the *Harrison* rationale to his judicial confession. Pool argued the admission of evidence illegally obtained in violation of the Fourth Amendment was the initial illegality, and his testimony attempting to explain it was "fruit of the poisonous tree." Assuming the initial illegality arguendo, the Court of Appeals refused to apply *Harrison* to the facts in *Pool*. It found the pivotal factor in *Harrison* was that the evidence impelling the judicial confession was itself a confession and that the *Harrison* court had "placed great emphasis on the

powerful inducement to testify which arises when a defendant's confession is introduced into evidence."

In this case we are not dealing in any sense with Fourth Amendment considerations, but simply with conventional evidentiary issues. We conclude, as did the Court of Appeals in *Pool*, that *Harrison* is inapplicable to routine evidentiary rulings.[2]

■ Appellant also argues the admission of this testimony in some manner violates his right against being put twice in jeopardy, prohibited by the Fifth Amendment. It is not clear how appellant's Fifth Amendment rights were violated, but we decline to address the issue as we can find no objection before the trial court.

The judgment is affirmed.

---

.    [2] In *Harrison*, the question of the illegality of the confession—which was the trigger for excluding the defendant's testimony—had been decided by the appeals court and the same case was then again being considered by the trial court. Here, there is no decision yet by the Court of Appeals on this matter, nor is it part of the same case. However we need not reach these factors today as the case is distinguishable on other grounds.