Andre Larnell HAYNES *v.* STATE of Arkansas

CR 93-483                                   862 S.W.2d 275

Supreme Court of Arkansas
Opinion delivered October 11, 1993

*Robert P. Remet*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Two points for reversal are raised in this appeal from Andre Haynes's conviction on charges of burglary, aggravated robbery, theft of property, and attempted rape. Despite the appellant's attorney's inadequate abstracting of the record, the State's supplement is sufficient for us to consider the merits of the case. Finding no error in the proceedings below, we affirm the trial court's judgment.

In April 1992, the prosecuting attorney for the Tenth Judicial Circuit filed an information charging appellant Haynes with one count each of burglary, aggravated robbery, theft of property, and criminal attempt to commit rape. The State alleged that on March 23, 1992, Haynes committed those felonies against the home, property, and person of Ms. Gladys Lawson of Monticello. In an amended information, filed in July 1992, the State asserted that the appellant was an habitual offender subject to sentence enhancement.

Haynes was represented by the public defender at trial and was found guilty on each count. He was sentenced to fifty years for the attempted rape, thirty years for the aggravated robbery, twenty years for the burglary, and ten years for the theft of property. The Drew County Circuit Court ordered the sentences to run consecutively, for a total of 110 years, assessed fines

amounting to $40,000, and substituted appointed counsel for purposes of this appeal.

The attorney representing Haynes on appeal has failed to include in his abstract the affidavit for a search warrant and the search warrant despite his reliance on these documents in his first argument. Moreover, he has abstracted only the cross-examination of the victim and other witnesses for the State and only the direct examination of the appellant and other defense witnesses.

■ In short, the crucial documents necessary for an understanding of the appellant's first argument were not abstracted, while the only testimony abstracted was that which could be construed as favorable to the appellant's second argument, concerning Haynes's identification. These egregious acts of omission and commission go far beyond mere oversight and constitute a gross violation of Rule 4-2(a)(6) of the Rules of the Supreme Court and Court of Appeals, which provides, in relevant part:

> The appellant's abstract or abridgment of the record should consist of *an impartial condensation,* without comment or emphasis, of *only* [emphasis in original] such material parts of the pleadings, proceedings, facts, documents, and *other matters in the record as are necessary to an understanding of all questions presented to the Court for decision. . . .*

(Emphasis added.)

Because the State has, pursuant to Rule 4-2(b)(1), supplemented the abstract with the essential items of evidence and passages of testimony, we are able to address the issues raised by the appellant on their merits.

■ At the outset of his first argument for reversal, the appellant's attorney states that "There is, unfortunately, nothing in the record resembling an affidavit in support of a search warrant, or the warrant." How he reached this conclusion is difficult to fathom, since the affidavit, signed by Captain Charles Cater of the Monticello Police Department on March 23, 1992, and the search warrant, signed by Circuit Judge Samuel Bird on March 23, 1992, both appear as State's Exhibit 1 at page 84 of the transcript. The return, executed by Captain Cater on March 24,

1992, also appears as part of State's Exhibit 1. (The appellant's attorney did manage to locate the circuit judge's finding of probable cause in the record.) These documents were introduced at a suppression hearing conducted on September 8, 1992. It is, of course, well established that we have the authority to go to the record to affirm a trial court's decision. *See Mitchell* v. *State*, 298 Ark. 536, 769 S.W.2d 18 (1989).

The appellant's attorney also contends that "it does not appear of record" that the defense was furnished "a transcript of any relevant prior testimony in any other proceeding that may have been held in this case" as requested in a discovery motion. He asserted, further, that "Whether the testimony of officer Charles Cater, the affiant who testified before the magistrate in the probable cause proceedings[,] was recorded is not known."

It seems, as the State suggests in its brief, that the appellant's attorney failed to read the transcript of the suppression hearing, which occupies pages 68 through 83 of the transcript. A recording of the probable cause hearing was introduced, without objection, at the suppression hearing and was played for the court. During the direct examination of officer Charles Cater, a transcript of the tape was introduced, again without objection. Although that transcript does not appear in the record on appeal, we have stated on numerous occasions that it is the appellant's burden to produce a record exhibiting prejudicial error. *Odum* v. *State*, 311 Ark. 576, 845 S.W.2d 524 (1993); *Sullinger* v. *State*, 310 Ark. 690, 840 S.W.2d 797 (1992).

As for the implication on the part of the appellant's attorney concerning the alleged failure to provide defense counsel with a transcript of the probable cause hearing, the record reveals no objection on the appellant's part to the asserted omission in discovery. The issue is not preserved for appeal. *Towe* v. *State*, 304 Ark. 239, 801 S.W.2d 42 (1991).

In any event, the probable cause transcript was introduced at the suppression hearing almost a month before the appellant's trial. Because the appellant voiced no objection to the introduction of the transcript at that time, it is reasonable to assume that he was not only aware of its existence but had also had an opportunity to review it prior to its having been received in evidence. Therefore, no prejudice resulted. *See Jones* v. *State*,

308 Ark. 555, 826 S.W.2d 233 (1992). When a failure to comply with discovery procedure occurs, the trial court is not required to suppress evidence unless prejudice has resulted. *Devasher* v. *State*, 308 Ark. 154, 823 S.W.2d 863 (1992).

On the merits, it should be noted that the affidavit submitted by Captain Cater stated that the victim reported that at about 2:40 a.m. on March 23, 1992, a man entered her home and robbed and raped her. Among other items, the affidavit refers to a set of fingerprints that were lifted from the door to the victim's house and identified by the State Crime Laboratory as those of Andre Haynes.

When presented with an affidavit, the magistrate must make a practical, common sense determination whether there is probable (*i.e.*, reasonable) cause for the issuance of a search warrant. *Holloway* v. *State*, 293 Ark. 438, 738 S.W.2d 796 (1987). Such compelling evidence as identified fingerprints offers ample support for the finding of probable cause.

Haynes challenges the validity of the search warrant, as well, on the basis of hearsay, apparently in the belief that the victim's account of the crime and description of her attacker, which was included in the affidavit, was lacking in reliability because it was hearsay. The appellant relies on Ark. R. Crim. P. 13.1, which provides, in relevant part:

> If an affidavit or testimony is based in whole or in part on hearsay, the affiant or witness shall set forth particular facts bearing on the informant's reliability and shall disclose, as far as practicable, the means by which the information was obtained.

Yet the victim was not an informant, and her statement was therefore exempt from the reliability requirement of the rule. *See Jackson* v. *State*, 306 Ark. 70, 811 S.W.2d 299 (1991); *Simmons* v. *State*, 278 Ark. 305, 645 S.W.2d 680 (1983). As this court noted in *Brown* v. *State*, 259 Ark. 449, 455, 534 S.W.2d 213, 216 (1976), quoting *United States* v. *Bell*, 457 F.2d 1231, 1239 (5th Cir. 1972): "Eyewitnesses by definition are not passing along idle rumor, for they either have been the victims of the crime or have otherwise seen some portion of it."

Only one statement in the affidavit was actually based

on hearsay — the assertion that the State Crime Laboratory had identified the fingerprints found at the victim's house as the appellant's. The Crime Lab is a state entity, and its personnel are public employees. It is not necessary for an affiant applying for a search warrant to state reasons why a public official is a credible or reliable informant. *Brown* v. *State*, *supra*; *French* v. *State*, 256 Ark. 298, 506 S.W.2d 820 (1974).

For his second point for reversal, Haynes contends that the victim misidentified him as the man who raped and robbed her. The testimony supplied by the State in its supplemental abstract is adequate to dispose of the issue. The following exchange occurred in direct examination of the victim:

> Q. Do you recognize the person?
>
> A. That's him at the table over there.
>
> Q. Any doubt in your mind?
>
> A. No doubt in my mind whatsoever.
>
> Q. You stated that you had turned the light on in the living room, is that correct?
>
> A. And I saw him distinctly when I turned the light on. I have a little night light in the kitchen that comes on at dark and goes off in the morning and that's how I see to get around in my house without falling. But when I go up in the living room, there isn't any light, so I switched on the light so I could see how to get to the front door and look out.
>
> Q. And you don't have any doubt that it is the Defendant?
>
> A. I have no doubt. It was him.

Unequivocal testimony identifying the accused as the culprit is sufficient to sustain a conviction. *Tisdale* v. *State*, 311 Ark. 220, 843 S.W.2d 803 (1992). It is for the jury to decide the credibility of identification testimony. *Dixon* v. *State*, 310 Ark. 460, 839 S.W.2d 173 (1992).

The judgment below is affirmed.