

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-471

| | |
|---|---|
| CURTIS CHARLES BROOKS | **Opinion Delivered** October 23, 2013 |
| APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-2009-27] |
| V. | |
| STATE OF ARKANSAS | HONORABLE RANDY F. PHILHOURS, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## ROBIN F. WYNNE, Judge

Curtis Charles Brooks appeals from the revocation of his suspended sentence, arguing that there was insufficient evidence that he violated the conditions of his suspended sentence by committing the new offense of breaking or entering. We affirm.

On August 20, 2009, Brooks pleaded guilty to sale of cocaine, a Class Y felony, and was sentenced to seven years in the Arkansas Department of Correction (ADC) and five years' suspended imposition of sentence. He was also ordered to pay court costs of $200 and various fees, in monthly installments of $50 beginning ninety days after his release from the ADC. The conditions of his suspended sentence included making payments as directed in the judgment and commitment order; not violating any state, federal, or municipal law; and promptly notifying his probation officer and the sheriff of any change of address or employment.

On December 20, 2012, the State filed a petition for revocation of suspension, alleging that Brooks had violated the conditions of his suspended sentence in the following ways: (1) failing to pay costs and fees as directed; (2) failing to notify the sheriff of his current address and employment; (3) committing the new offense of breaking or entering (two counts charged in case number CR 12-1345); (4) committing the new offense of theft of property; and (5) committing the new offense of criminal trespass. At the revocation hearing on February 28, 2013, an employee of the Crittenden County Sheriff's Department testified that, according to the department's records, Brooks owed $395 in the present case and had made no payments.[1] In addition, he had not apprised the sheriff's department of where he was living or working. Donald Harrington testified that in the early morning hours of December 19, 2012, he learned that his tool box had been taken from the back of his truck at the Relax Inn in West Memphis where he was staying. Police recovered the tool box and its contents, which Harrington estimated were worth about $120. Michael Nagy of the West Memphis Police Department testified that he was the third officer to respond to a complaint of breaking or entering at the Relax Inn on December 19, 2012. He stated that he saw Brooks with another officer, and Brooks was attempting to make up some reason why he had someone else's bag. Brooks was arrested and charged with breaking or entering and theft. At the conclusion of the evidence, the court dismissed one of the two allegations of breaking or entering, and ruled as follows:

> Mr. Brooks, I find that you're guilty by a preponderance of the evidence of violating the conditions of your suspended sentence. . . . Although it might not have

---

[1]Counsel failed to include the testimony of the sheriff's department employee or Brooks's parole officer in the abstract. We note that we went to the record to affirm in this case. *See Haynes v. State*, 314 Ark. 354, 862 S.W.2d 275 (1993).

been by much, you didn't begin paying in a timely fashion on your fines, and costs. There's no proof that you reported your address to anyone. In particular though, the issue of the breaking or entering at the Relax Inn and Mr. Harrington's vehicle, people tend to concentrate on the breaking portion of that crime but the entering is just as important. Walking down the street and you break the windshield or the window of a car out, and you reach in and you steal a CD that's obviously breaking into the—reaching through a rolled down window and getting the exact same CD out of the next car is entering. Same thing would apply to this pick-up truck in the bed of it. And regardless, it would apply to the theft, so you're guilty.

Upon revocation, Brooks was sentenced to six years in the ADC and five years' suspended imposition of sentence, as well as fines and costs of $440. This appeal followed.

On appeal, Brooks challenges the sufficiency of the evidence that he committed the offense of breaking or entering. Brooks does not challenge the findings that he failed to pay as directed and failed to notify the sheriff's department of his address, nor does he appear to challenge the finding that he committed the new offense of theft. This court will affirm when the appellant fails to attack the trial court's independent, alternate grounds for revoking suspension. *Moore v. State*, 2013 Ark. App. 159, at 2–3. Because Brooks does not challenge the independent, alternate grounds that were also the bases of the decision to revoke, we affirm.

Affirmed.

GLOVER and VAUGHT, JJ., agree.

*C. Brian Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.