STATE of Arkansas *v.* Bryant O'Neal PYLANT

CR 94-451                                                  881 S.W.2d 28

Supreme Court of Arkansas
Opinion delivered December 12, 1994

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellant.

*James B. Bennett*, for appellee.

DONALD L. CORBIN, Justice. Appellant, the State of Arkansas, appeals the order of the Union County Circuit Court denying its motion for a jury trial in its case against appellee, Bryant O'Neal Pylant, on three counts of delivery of a controlled substance (cocaine). In the same order, appellee's motion for permission to plead guilty to these charges was granted, and his guilty plea was accepted. Sentencing has been delayed. Jurisdiction of this matter is conferred upon this court pursuant to Ark. Sup. Ct. R. 1-2(a)(3). The sole issue presented on appeal, as phrased by the state in its oral argument, is whether the state has an absolute right to a trial by jury in a criminal case. We hold this appeal is

procedurally flawed and dismiss it without considering its merits.

The facts pertinent to this appeal began in October 1993 when appellee informed the trial court that he wished to plead guilty to the charges filed against him. The state objected and requested a jury trial. The trial judge instructed appellee to file a written motion on the matter; both sides also filed written arguments in support of their positions. On November 4, 1993, the trial court verbally advised counsel it would grant the defense motion. The state indicated that it desired to appeal the ruling. A motion hearing was held on January 28, 1994 for the purpose of formalizing the record for appeal. At the conclusion of that hearing and in open court, the trial court accepted appellee's plea of guilty, pronounced him guilty of the counts charged, and ordered a pre-sentence report be prepared with sentencing to occur at a later date. The court's ensuing written order in the matter from which this appeal is taken was entered on February 25, 1994.

First, we consider the issue of the appealability of the court's order denying the state's motion. In its brief, the state argues:

> this decision by the Union County Circuit Court to accept appellee Pylant's pleas of guilty is a final order and, therefore, is appealable because it concludes the controversy at the trial court level with regard to whether appellee Pylant has a right to enter a plea of guilty to the three counts of delivery of cocaine at issue.

In its brief, the state then cites us to court rule and case law holding that a final judgment or decree entered by the trial court is an appealable order. Ark. R. App. P. 2(a)(1); *Ellis v. State*, 302 Ark. 597, 791 S.W.2d 370 (1990) (defendant's appeal of the denial of his pretrial motion dismissed because no judgment of conviction had been entered); *Turnage v. State*, 283 Ark. 242, 675 S.W.2d 625 (1984) (defendant's appeal of interlocutory order to pay court costs in advance of trial of the case on its merits dismissed); *State v. Block*, 270 Ark. 671, 606 S.W.2d 362 (1980), *cert. denied*, 451 U.S. 937 (1981) (state's appeal of pretrial order dismissing charges permitted). We find this authority unpersuasive on the facts of this case. We have stated that: "A judgment, to be final and appealable, must dismiss the parties from the court and conclude the controversy." *Turnage*, 283 Ark.

at 243, 675 S.W.2d at 626 (citations omitted). Applying this test to the state's motion, we conclude the order denying the state's motion is not a final judgment because it does not dismiss the parties from the court nor conclude the controversy.

■■ At oral argument, the state's counsel clarified that its argument for its authority to present this appeal relies on Ark. R. App. P. 2(b). Rule 2(b) states "[a]n appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment." We reject the state's argument on this issue, noting Rule 2(b) does not apply in this case because the state is not appealing from any final order, but is appealing from an order denying its motion for jury trial, which, implicit in its citation to Rule 2(b), the state admits is an interim order. Indeed no final order has yet been entered in this case because, until sentencing is pronounced, appellee may be permitted under certain circumstances to withdraw his plea with the court's permission.[1] A.R.Cr.P. Rule 26.1. In any event, aside from issues of finality, the law is well-established that, in general, there is no right to an appeal from a plea of guilty where the appeal constitutes a review of the merits of the plea itself, as in the instant case. *Hill* v. *State*, 318 Ark. 408, 887 S.W.2d 275 (1994). The sole exception to this general rule, for conditional pleas made pursuant to A.R.Cr.P. Rule 24.3, is not here applicable.

Finally, even if Rule 2(b) was applicable in this case and the trial court's interim order denying the state's motion was appealable on that basis, the state's appeal would not comply with the requirements of A.R.Cr.P. Rule 36.10(a) governing interlocutory appeals by the state and would be dismissed for that reason.

The appeal is dismissed.

---

[1]We note that in its brief and at oral argument, the state also contends the trial court's acceptance of appellee's guilty plea was conditional — the condition being the outcome of this appeal — although the court's February 25, 1994 order makes no reference to any conditional acceptance. Putting aside any consideration of the trial court's authority to accept a conditional plea in this case, that is, a case which does not comply with A.R.Cr.P. Rule 24.3(b), the state's contention, if true, serves only to further evidence the fact that no final order has been entered in this case.