STATE of Arkansas *v.* John Edward JOHNSON

CR 97-593                                          956 S.W.2d 181

Supreme Court of Arkansas
Opinion delivered December 4, 1997

*Winston Bryant*, Att'y Gen., by: *Todd L. Newton*, Asst. Att'y Gen., for appellant.

*Jack R. Kearney*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. This is the second interlocutory appeal brought by the State in the same case. In *State v. Johnson*, 326 Ark. 660, 934 S.W.2d 499 (1996), we held that the trial court erred in suppressing appellee John Edward Johnson's confession on the basis that he was denied the right to counsel of his own choosing to be present during an in-custody interrogation and reversed and remanded his case. In the present appeal, the State contends that the trial court erred in dismissing its charges against Johnson on the grounds that double-jeopardy

principles barred state prosecution of an offense where the criminal conduct underlying the offense was utilized to enhance punishment for a separate, but related federal conviction. We agree with the State and reverse and remand Johnson's case for trial.

On August 30, 1995, Johnson was charged in Pulaski County Circuit Court with one count of rape, two counts of aggravated robbery, and two counts of theft of property. The charges stemmed from the June 25, 1995, armed robbery of the Purple Cow restaurant on Cantrell Road in Little Rock, during which an employee of the restaurant was raped. Johnson, a former employee of the restaurant, was developed as a suspect and was questioned by police. On February 22, 1996, the trial court suppressed Johnson's taped confession. The State appealed, and this court reversed and remanded the case on November 25, 1996.

On March 13, 1996, Johnson was indicted in the United States District Court for the Eastern District of Arkansas for interference with commerce by threats of violence, use of a firearm in relation to a crime of violence, and possession of a firearm not registered to him. The three charges all stemmed from the robbery of the Purple Cow restaurant. On September 17, 1996, Johnson pleaded guilty in federal district court to interference with commerce by threats of violence and use of a firearm in relation to a crime of violence. On December 18, 1996, the federal district judge, in imposing Johnson's sentence, found by a preponderance of the evidence that Johnson committed a rape in the course of the robbery, thus warranting enhancement of his sentence by 72 months. Thereafter, the State moved to dismiss the aggravated robbery and theft of property charges in Pulaski County Circuit Court, leaving the rape charge. Johnson filed a motion to dismiss the rape charge on the basis that he had already been punished for this offense in federal district court. According to Johnson, the Double Jeopardy Clause of the Fifth Amendment prohibited the State from pursuing the rape charge. The trial court agreed, and on April 2, 1997, one day before a previously scheduled hearing in the case, dismissed the State's charge. On April 3, 1997, the trial court permitted the State to make a record of its objections, which form the basis for the present interlocutory appeal.

The State appeals the trial court's decision to dismiss the rape charge against Johnson under Ark. R. App. P.—Crim. 3, contending that error was committed to the State's prejudice and that the correct and uniform administration of the criminal law requires our review. In this appeal, we are asked to decide, for the first time, whether double jeopardy prohibits state prosecution of an offense where the offense was considered, for enhancement purposes, in the calculation of punishment for a separate, but related federal conviction. Resolution of this appeal is also important because it involves the doctrine of dual sovereignty discussed in *Heath v. Alabama,* 474 U.S. 83 (1985), and has far-reaching implications in the administration of the criminal law as applied by federal and state authorities simultaneously involved in pursuing similar charges against one suspect. Thus, because we agree with the State that the correct and uniform administration of the criminal law is at issue here, we accept jurisdiction of this appeal.

█ The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects a defendant from: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Edwards v. State,* 328 Ark. 394, 943, S.W.2d 600 (1997), *citing Schero v. Farley,* 510 U.S. 222 (1994). The issue in this case relates to the third protection. Relying largely on *United States v. Koonce,* 945 F.2d 1145 (10th Cir. 1991), *cert. denied* 112 S.Ct. 1695 (1992), the trial court concluded that, because the federal district court had considered the rape in setting Johnson's punishment for his convictions for interference with commerce by threats of violence and use of a firearm in relation to a crime of violence, Johnson would be subjected to multiple punishments for the same offense if the State were allowed to proceed on the rape charge. In *Koonce,* the Tenth Circuit Court of Appeals held that a subsequent conviction for possession of methamphetamine subjected Koonce to double jeopardy where the same possession was used to enhance an earlier sentence for distributing methamphetamine.

█ The State claims that the holding in *Koonce* was abrogated by the United States Supreme Court's decision in *Witte v. United States,* 515 U.S. 389 (1995). We agree. In that case, Witte

pleaded guilty in the United States District Court for the Southern District of Texas to attempted possession of marijuana. In calculating his sentence, the federal district court considered Witte's previous involvement in connected, but uncharged, activities involving the importation of cocaine and marijuana. When Witte was subsequently indicted for the importation of the drugs, the federal district court dismissed the charges on the basis that punishment for the importation offenses would violate the Double Jeopardy Clause's prohibition against multiple punishments. The Fifth Circuit Court of Appeals reversed the dismissal of the indictments, holding that Witte had not been punished for the importation offenses in the first prosecution, and thus double jeopardy did not bar the later action. The United States Supreme Court, noting that the Fifth Circuit had "expressly disagreed" with the Tenth Circuit's holding in *Koonce, supra,* granted certiorari "to resolve the conflict among the circuits." *Witte,* 515 U.S. at 395. The Court affirmed the Fifth Circuit, holding that:

> use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause.

*Id.* at 399.

Johnson defends the trial court's dismissal on the basis that the facts in *Witte* are distinguishable from those in his case. Specifically, he points to the fact that the related conduct used to enhance Witte's federal sentence was the basis for a subsequent federal charge, not a state charge. The problem with his argument is that it ignores the doctrine of dual sovereignty:

> When a defendant in a single act violates the "peace and dignity" of two sovereigns by breaking the laws of each, he has committed two distinct "offences." Consequently, when the same act transgresses the laws of two sovereigns, it cannot be truly averred that the offender has been twice punished for the same offence, but only that by one act he has committed two offences, for each of which he is justly punished.

*Heath v. Alabama,* 474 U.S. at 88 (other citations omitted). Thus, even if the enhancement of Johnson's federal sentence constituted

punishment, because the State is clearly a separate sovereign with respect to the federal district court, *see id.* at 89, the State's prosecution of the rape charge would not have been barred.

█ In his brief, Johnson contends that the trial court's dismissal of the rape charge was proper because Arkansas law provides greater protection from double jeopardy than does the United States Constitution. In support of his argument, he cites, for the first time, Ark. Code Ann.§§ 5-1-114 (Repl. 1993) and 16-85-712(b) (1987), and maintains that they prohibit the State from prosecuting him for rape. Even if we were to agree with Johnson that these statutes, which relate to the protection from a second prosecution after a *conviction* for the same offense, applied to his case, he did not present his argument to the trial court, so we decline to consider it for the first time on appeal. Based on the Supreme Court's holding in *Witte* and the doctrine of dual sovereignty, we conclude that the trial court's dismissal of the rape charge was error and reverse and remand Johnson's case for trial.

Reversed and remanded.

NEWBERN, J., not participating.