Shelby John TIPTON *v.* STATE of Arkansas

CR 97-682                                         959 S.W.2d 39

Supreme Court of Arkansas
Opinion delivered January 15, 1998

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Asst. Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. This is an interlocutory appeal from an order of the Pulaski County Circuit Court, Fourth Division, denying appellant Shelby John Tipton's double-jeopardy-based motion to dismiss his second-degree battery charge. We affirm the trial court's order.

On February 25, 1996, a fight broke out at B. J.'s Star Studded Honky Tonk in Little Rock during which the appellant allegedly struck Bradley Wood in the head with a beer bottle, crushing bones in his face. Thereafter, on May 20, 1996, the appellant was charged by felony information with second-degree battery. His case, Case No. CR 96-1333, was assigned to the First Division of Pulaski County Circuit Court. The appellant waived a jury trial, and a bench trial was set for January 6, 1997.

On the day of trial, while police officers who allegedly witnessed the appellant strike the victim were present, the victim did not appear. The State asked the trial court for a continuance to secure the presence of the victim for trial, but the trial court denied the motion. The appellant moved to dismiss the State's

charge, which the trial court granted for the State's "failure to prosecute." No witnesses were sworn at this proceeding.

On January 31, 1997, the State filed a second felony information charging the appellant with second-degree battery. The case was assigned a new case number, Case No. CR 97-172, and was assigned to the Fourth Division of Pulaski County Circuit Court. Subsequently, the appellant filed a motion to dismiss, claiming that the Double Jeopardy Clause of the Fifth Amendment prohibited the State from pursuing the battery charge. At a hearing on the motion, the appellant asserted that the prior dismissal of the battery charge amounted to an acquittal because the State lacked evidence sufficient to convict him on the date set for trial. In response, the State explained that the victim, a former resident of Heber Springs, had moved to Oklahoma and had not been served with his subpoena for the January 6, 1997, trial. Because the trial judge in that proceeding had dismissed the charge without hearing any evidence, the State maintained that double jeopardy did not prohibit refiling of the charge. After considering both arguments, the trial court denied the appellant's motion to dismiss. The appellant now appeals that ruling.

■ The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects a defendant from: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *State v. Johnson*, 330 Ark. 636, 956 S.W.2d 181 (1997); *Edwards v. State*, 328 Ark. 394, 943 S.W.2d 600 (1994). The appellant claims that he is protected from a second prosecution for second-degree battery because he was acquitted of that charge when the trial court dismissed it at the conclusion of the January 6, 1997, proceeding. The State responds that, because no witnesses were sworn at appellant's January 6, 1997, bench trial, jeopardy did not "attach" to that proceeding. *Willis v. State*, 299 Ark. 356, 772 S.W.2d 584 (1989), *citing Serfass v. United States*, 420 U.S. 377 (1975) ("In bench trials, jeopardy attaches when the trial judge hears the first witness and not until then."). The State further relies on Ark. Code Ann. § 5-1-122 (Repl. 1994), which provides:

A former prosecution is an affirmative defense to a subsequent prosecution for the same offense under any of the following circumstances:

. . .

(3) The former prosecution was terminated without the express or implied consent of the defendant after the jury was sworn or, if trial was before the court, after the first witness was sworn, unless the termination was justified by overruling necessity.

The appellant acknowledges the United States Supreme Court's holding in *Serfass v. United States, supra,* but contends that, because that case involved a jury trial, the Supreme Court's language regarding time of attachment of double jeopardy in bench trials is "mere dicta and of no precedential weight." We disagree. In *Serfass,* the Supreme Court explained the usefulness of defining a point in criminal proceedings at which the policies underlying double jeopardy are implicated, and explained those policies as follows:

The State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Serfass,* 420 U.S. at 388, *citing Green v. United States,* 355 U.S. 184, 187–188 (1957). These policies, which apply to both jury and bench trials, were never implicated in the January 6, 1997, proceeding because the trial judge in that proceeding did not begin to hear evidence against the appellant before dismissing his case. In other words, the appellant was not "put to trial before the trier of the facts" in the January 6, 1997, proceeding. *Id.*

The appellant further asserts that, if the State's present charge against him is not dismissed, it would take away the court's power to control its docket. According to the appellant, the State would never be prepared for a bench trial on the date the trial court orders it to be ready. The appellant's arguments disregard the fact that the State must abide by speedy-trial rules in bringing cases to trial. *See* Ark. R. Crim. P. 28.3 (1997).

■ Finally, the appellant asserts that the State should have asked the trial judge in the January 6, 1997, proceeding to reconsider his ruling rather than refile the second-degree battery charge. The appellant, however, neither cites authority nor makes a convincing argument in support of his contention. Thus, we will not consider his argument. *See Williams v. State*, 329 Ark. 8, 946 S.W.2d 678 (1997).

Based on the foregoing, we affirm the trial court's decision.