STATE of Arkansas *v.* Antonio SINGLETON

CR 99-1172                                                13 S.W.3d 584

Supreme Court of Arkansas
Opinion delivered March 30, 2000
[Petition for rehearing denied May 4, 2000.]

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellant.

*William R. Simpson, Jr.*, Public Defender, by: *Ashley Riffel*, Deputy Public Defender; *Kent C. Krause*, Deputy Public Defender; and *Clint Miller*, Deputy Public Defender, for appellee.

LAVENSKI R. SMITH, Justice. The State appeals the trial court's acceptance of a guilty plea by Appellee Antonio Covell Singleton entered over the State's objection. The State objected to entrance of the guilty plea, citing Ark. R. Crim. P. 31.1. The State contends that the trial court could not accept Singleton's guilty plea because the State did not consent. The State asserts that Rule 31.1 requires the State's consent before a defendant can waive a jury trial. The State reads the rule consistent with our recent cases and we must, therefore, reverse.

*Facts*

On March 9, 1999, the State charged Singleton with two felony counts of possession of a controlled substance, and one felony count of simultaneous possession of drugs and a firearm. In an August 27, 1999, hearing, Singleton tendered a guilty plea to the trial court. The trial court stated its intention to accept Singleton's guilty plea over the objection of the State. The State argued that under Ark. R. Crim. P. 31.1, the trial court could not accept the guilty plea without the prosecution's consent. The trial court

entered the guilty plea and passed sentence. The State timely filed its notice of appeal.

## Jurisdiction

■ The State's ability to appeal criminal cases is limited. The State may file an interlocutory appeal based upon evidentiary rulings that suppress state's evidence or permit evidence of a victim's prior sexual conduct. Also, the State may bring a non-interlocutory appeal where two conditions exist: 1) the Attorney General believes that prejudicial error has occurred, and 2) the uniform administration of the criminal law requires this court's review. Ark. R. App. P.—Crim. 3(b). *State v. Murphy*, 315 Ark. 68, 864 S.W.2d 842 (1993). We have previously held that issues similar to those in the instant case satisfy those criteria. *State v. Vasquez-Aerreola*, 327 Ark. 617, 940 S.W.2d 451 (1997). Hence, jurisdiction of this case is proper.

## Guilty Plea Without Consent of the State

■ On appeal, the State argues that Rule 31.1, as interpreted by this court's prior opinions, requires that the prosecutor consent to a defendant's waiver of a trial by jury. The State is correct. Rule 31.1 provides, "No defendant in any criminal cause may waive a jury trial unless the waiver is assented to by the prosecuting attorney and approved by the court." In *Fretwell v. State*, 289 Ark. 91, 708 S.W.2d 630 (1986), the defendant sought to plead guilty to capital-murder charges on the eve of trial, ostensibly to avoid imposition of the death penalty by the jury. The prosecutor objected and insisted on putting on the State's proof of the defendant's guilt. The court sustained the objection and proceeded to trial. In his appeal, Fretwell contended that the trial court should have had discretion to accept his guilty plea even without the prosecutor's assent. The court stated, "[I]n Arkansas a felony defendant is not entitled to a trial to the court without the assent of the prosecutor." *Fretwell*, 289 Ark. at 93-94. The *Fretwell* decision further stated, "The rule is clear. Criminal cases which require trial by jury must be so tried unless (1) waived by the defendant, (2) assented to by the prosecutor, and (3) approved by the court. The first two are mandatory before the court has any discretion in the matter. Here, the second requirement, assent by the state, was not had and the court was

without discretion to hear the plea." *Id.* The court went on to expressly decline to follow those jurisdictions that give a defendant an absolute right to waive a jury trial.

■ More recently, in *Vasquez-Aerreola*, we reversed a trial court's decision to accept a defendant's guilty plea, citing *Fretwell*. *Vasquez-Aerreola* reiterated the *Fretwell* holding that a trial court has no discretion to accept a felony defendant's guilty plea over the prosecution's objection. It is apparent from these cases that this court has interpreted Rule 31.1's consent requirements to apply not only to a defendant's election to be tried by the court as opposed to being tried by the jury, but also to the felony defendant's decision to be tried at all. Our cases thus have viewed a guilty plea in the same manner as a request for waiver of a jury trial.

*Failure to Cite the Applicable Rule in the Jurisdictional Statement*

In response, Singleton makes five arguments opposing the State's appeal. None of appellant's arguments are availing. First, Singleton asserts the State is procedurally barred by its failure to cite the correct basis for appeal on its jurisdictional statement. The State admits the error in its reply brief, and counters that jurisdiction is proper under Ark. R. App. P.—Crim. 3(b) and (c).

■ Ark. Sup. Ct. R. 1-2(c) and 4-2(a)(2) require an informational and jurisdictional statement. The proper form is set out in the accompanying notes, and is the one used by the State. The State marked 'Interlocutory Appeal,' when they should have marked 'Criminal.' Singleton cites no authority for the proposition that this type of defect requires dismissal of an appeal. We decline to do so now. When an appellant cites no authority or convincing argument in support of his theory, we will not reverse. *McGehee v. State*, 338 Ark. 152, 992 S.W.3d 110 (1999); *Morgan v. State*, 333 Ark. 294, 971 S.W.2d 219 (1998); *Ayers v. State*, 334 Ark. 258, 975 S.W.2d 88 (1998); *Bailey v. State*, 334 Ark. 43, 972 S.W.2d 239 (1998).

*Double Jeopardy*

■■ Second, Singleton argues that regardless of the court's authority to accept the plea, double jeopardy would attach because the trial court actually did accept his plea. He relies on Ark. Code Ann. § 5-1-112(2), which provides:

> A former prosecution is an affirmative defense to a subsequent prosecution for the same offense under any of the following circumstances:
>
> . . .
>
> (2) The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, *or a plea of guilty or nolo contendere accepted by the court.* (Emphasis added.)

We hold Singleton has not been subjected to double jeopardy. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects a defendant from: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Tipton v. State*, 331 Ark. 28, 959 S.W.2d 39 (1998). However, once set aside, a defendant's plea of guilty, just as a verdict of guilty, does not constitute a conviction. Thus, in the instant case, where this court reverses the acceptance of a guilty plea, there is no conviction and, therefore, nothing to afford Singleton the protection of double jeopardy. Singleton stands in precisely the same position he occupied the day he tendered a guilty plea. *Ford v. Wilson*, 327 Ark. 243, 939 S.W.2d 258 (1997). Singleton is not being asked to stand trial for a crime for which he was acquitted, but rather for one to which he unsuccessfully tried to plead guilty.

Singleton cites *Penn v. State*, 57 Ark. App. 333, 945 S.W.2d 397 (1997), for the proposition that trial court error will not allow prosecution a second time. However, in *Penn*, the trial court committed an error resulting in entry of an acquittal. For the reasons cited above, this is inapplicable to the present case.

### Appeal from a Guilty Plea

■ Singleton next argues that the State may not appeal a guilty plea, citing *State v. Pylant*, 319 Ark. 34, 881 S.W.2d 28 (1994). In *Vasquez-Aerreola*, this court previously discussed the language in *Pylant* relied on by Singleton and resolved the issue against the position asserted by Singleton. In *Pylant*, the trial court entered a guilty plea over the objection of the State, and the State filed an

interlocutory appeal from denial of its motion for a jury trial. This court disposed of the case on grounds of lack of finality because the order on the motion was not a final judgment. We stated, "Aside from issues of finality, the law is well-established that, in general, there is no right to an appeal from a plea of guilty where the appeal constitutes a review of the merits of the plea itself, as in the instant case." *Pylant*, 319 Ark. at 36. This language was cited, and this issue was discussed, in *Vasquez-Aerreola*. This court stated as to the cited language, "The State maintains that this language in *Pylant* is mere dictum. We agree. *Pylant* was decided on finality grounds, thereby making the quoted language *obiter dictum*." *Vasquez-Aerreola*, 327 Ark at 624. This court went on in *Vasquez-Aerreola* to find that the trial court lacked authority to accept a guilty plea over the objections of the State. In *Vasquez-Aerreola*, the guilty pleas were vacated, and the case was remanded.

### Appeals Demonstrating Trial Court Error

■ Singleton next asserts that the State has appealed a mixed issue of law and fact in violation of the principles set out in *State v. Harris*, 315 Ark. 595, 868 S.W.2d 488 (1994). The argument is flawed. The State has not appealed merely a discretionary error in application of law to facts but has appealed a judgment which the trial court lacked the discretion to make at all under current precedents.

### The Right to a Jury Trial

■ Singleton's fifth and final point on appeal is to simply request that this court overrule *Vasquez-Aerreola*, and to amend Rule 31.1 to allow a defendant to plead guilty and limit the prosecution to making recommendations on sentencing. He argues that the State has no right to a jury trial. He is correct. The State has no express constitutional right to a jury trial. However, under our current rules and cases interpreting them, it does have the option to refuse to consent to the defendant's waiver of jury trial. Singleton acknowledges that defendants do not have the right to unilaterally waive a jury trial. *Singer v. United States*, 380 U.S. 24 (1965). A right to plead guilty may be conferred by statute or rule; however, there is no such rule or statute in Arkansas. *Numan v. State*, 291 Ark. 22, 722 S.W.2d 276 (1987).

██ Singleton asks us to reconsider Rule 31.1 and the *Fretwell/Vasquez-Aerreola* line of cases. This court does not lightly overrule cases and applies a strong presumption in favor of the validity of prior decisions. *Thompson v. Sanford*, 281 Ark. 365, 663 S.W.2d 932 (1984) (citing *Walt Bennett Ford, Inc. v. Pulaski County Special Sch. Dist.*, 274 Ark. 208, 624 S.W.2d 426 (1981)); *Sanders v. County of Sebastian*, 324 Ark. 433, 922 S.W.2d 334 (1996); *McGhee v. State*, 334 Ark. 543, 975 S.W.2d 834 (1998). We decline the invitation in the context of this case, but certainly comments and suggestions can be made to the rules committee at any time.

Reversed and remanded.