Cite as 2020 Ark. 47

# SUPREME COURT OF ARKANSAS

No. CV-19-597

|  |  |
|---|---|
| ABDULHAKIM MUHAMMAD | Opinion Delivered: January 30, 2020 |
| APPELLANT | PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT AND |
| V. | MOTION TO SUPPLEMENT APPELLANT'S BRIEF |
| STATE OF ARKANSAS | [NO. 39CV-19-32] |
| APPELLEE | HONORABLE RICHARD L. PROCTOR, JUDGE |
|  | AFFIRMED; MOTION MOOT. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Abdulhakim Muhammad appeals from the denial of his pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Because Muhammad stated no basis for the writ, the circuit court's order is affirmed.[1]

## I. *Background*

In 2011, Muhammad entered a plea of guilty to capital murder, attempted capital murder, and ten counts of unlawful discharge of a firearm. The charges arose out of a

---

[1]In the course of this appeal, Muhammad filed a motion to supplement his brief-in-chief in which he reiterates the arguments that he raised in the brief. Inasmuch as Muhammad failed to state a basis for the writ and the motion repeats the claims already advanced, the motion is moot.

shooting in 2009 at a military recruiting station in Little Rock in which one soldier was killed and another soldier was wounded. Twelve life sentences plus 540 months' imprisonment were imposed to be served consecutively. Muhammad filed the petition for writ of habeas corpus in the county where he is incarcerated in 2019. *Gardner v. Kelley*, 2018 Ark. 300 (Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court in which the prisoner is held in custody, unless the petition is filed pursuant to Act 1780 of 2001 seeking scientific testing of evidence.); *see also* Ark. Code Ann. § 16-112-201 (Repl. 2016) (providing that petitions under Act 1780 are brought in the court in which the petitioner's convictions were entered).

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code

2

Ann. § 16-112-103(a)(1) (Repl. 2016).  Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue.  *Fields v. Hobbs*, 2013 Ark. 416.

### III. *Standard of Review*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous.  *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364.  A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made.  *Id.*

### IV. *Issues on Appeal*

### A.  The Trial Court's Jurisdiction

Muhammad argued in his petition for the writ, and he repeats in this appeal in Points One and Two, that the State lacked jurisdiction to try him for the offenses because the offenses were referred to by several congressmen and a government official as "international terrorism" committed by a "foreign terrorist organization."  He contended that only a federal court had authority to try such offenses.  As support for the assertion, Muhammad pointed to the fact that the victims were awarded the Purple Heart medal, alleging that the perpetrator of an offense that resulted in the victim's being awarded a military medal could only be an "enemy combatant or international terrorist or both," and a state trial court lacked jurisdiction to try an enemy combatant or an international

3

terrorist. He further alleged that he was denied the right to raise defenses in state court that would have been available to him in a federal or military court.

Muhammad's argument is without merit. Under the doctrine of dual sovereignty, the State of Arkansas may prosecute any person whose conduct violated state law even if the person's conduct also violated federal law. *Hale v. State*, 336 Ark. 345, 985 S.W.2d 303 (1999). When a defendant violates the peace and dignity of two sovereigns by breaking the laws of each, he or she has committed two distinct offenses; thus, the dual-sovereignty doctrine provides that successive prosecutions by the two sovereigns are not prohibited and are not barred by the double-jeopardy clause of the Fifth Amendment to the United States Constitution. *Id.* (Prosecution for violation of Arkansas law after the defendant entered plea bargain on federal charges arising from the same conduct fell within the dual-sovereignty doctrine and thus did not violate the Double Jeopardy Clause under the facts of the case.); *see also State v. Johnson*, 330 Ark. 636, 956 S.W.2d 181 (1997) (noting that, according to the "dual sovereignty doctrine," the defendant who in a single act violates the peace and dignity of two sovereigns by breaking laws of each has committed two distinct offenses). The United States Supreme Court has long held that conduct that is a crime under federal law may be prosecuted by a state when the same conduct is a crime under the State's law. *Gamble v. United States*, 139 S. Ct. 1960 (2019). Thus, the fact that Muhammad's conduct could have been charged as a crime under a federal statute did not prohibit the State of Arkansas from trying him in state court, and he did not demonstrate that the trial court in his case lacked jurisdiction in the case.

B.  Ineffective Assistance of Counsel

Muhammad alleged that his plea of guilty was not valid because he was not afforded effective assistance of counsel when he entered the plea.  As support for the claim, he cited a number of ways that counsel fell short of representing him adequately and asserted that the judgment entered on his plea of guilty should be vacated because the plea was not intelligently and voluntarily entered.

We have held that a petitioner's allegation that he or she was induced to plead guilty by virtue of improvident advice from counsel and generally deficient representation constitutes an allegation of ineffective assistance of counsel with the underlying claim that the plea was not entered intelligently and voluntarily because of the advice provided by counsel.  *See Griffin v. State*, 2018 Ark. 10, 535 S.W.3d 261.  Claims of ineffective assistance of counsel are not cognizable as a ground for the writ.  *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992).  Any allegation that Muhammad desired to raise pertaining to the adequacy of counsel should have been raised in a timely petition under Arkansas Rule of Criminal Procedure 37.1 (2011).  *See State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673.  A habeas proceeding is not a substitute for a petition under the Rule, nor does a habeas proceeding afford the petitioner an opportunity to reargue issues already raised under the Rule or to raise new issues that could have been raised within the purview of the Rule.  *See Gardner*, 2018 Ark. 300; *Barber v. Kelley*, 2017 Ark. 214.

Affirmed; motion moot.

HART, J., concurs.

5

JOSEPHINE LINKER HART, Justice, concurring. I agree that the circuit court did not err in denying Muhammad's habeas petition. I disagree, however, with how the majority has handled his "motion to supplement" his brief. Muhammad's has stated an insufficient rationale for supplementing his main brief; he ascribes his failure to include the material in his main brief to "inadvertence." However, Muhammad's "motion" also includes the material that he wished to include in his main brief, and it does not actually raise any new arguments. Further, Muhammad's "motion" was filed on September 30, 2019, just three days after the State filed its appellee's brief. Accordingly, this court should have treated his "motion" as a reply brief. That way, we would have given Muhammad his full measure of due process.

This court does not ignore motions filed by free-world appellants and, after the case is submitted, declare the motions moot. We should treat all the appellants that come before this court equally.

I concur.

*Abdulhakim Muhammad*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.